7 U.S. 92
 3 Cranch 92
 2 L.Ed. 376
 PEYTON
v.
BROOKE.
 February 27, 1805
 Wednesday, February 27.
 
 1
 THIS case came before the court, upon a bill of exceptions to the opinion of the circuit court of the district of Columbia, for the county of Alexandria, upon a motion for execution on a forthcoming bond, had taken under the act of assembly of Virginia. Revised Code, p. 309.
 
 
 2
 The bond, upon which the motion was made, recites a ca. sa. against Peyton, in favor of Brooke, for 525 dollars, and 624 pounds of tobacco, at thirteen shillings and four pence per hundred weight, and marshall's fees and commissions, and all costs, 19 dollars and 96 cents, amounting in the whole to 578 dollars and 82 cents.
 
 
 3
 The execution on which the bond was taken, was for 525 dollars, and 20 dollars, and 624 pounds of tobacco, at thirteen shillings and four pence per hundred weight.
 
 
 4
 The whole amount of costs taxed on the original judgment was 20 dollars and 12 cents, and 602 pounds of tobacco, including the costs of issuing an execution.
 
 
 5
 The bond was taken upon an alias ca. sa. the first having been returned non est. The first execution was for 525 dollars, and 20 dollars and 12 cents, and 602 pounds of tobacco.
 
 
 6
 The execution upon which the bond was taken, included 22 pounds of tobacco, (the clerk's fees for issuing the alias ca. sa.) and did not include 12 cents, part of the costs taxed upon the original judgment.
 
 
 7
 The plaintiff, in the court below, released 44 pounds of tobacco, the costs of issuing both executions, and the court below gave judgment for the plaintiff. The defendant brought his writ of error.
 
 
 8
 The court called for statements of the case, agreeable to the rule of court.
 
 
 9
 Swann, for defendant in error, said he had supposed the rule to extend only to plaintiffs in error. The court said they expected them from both sides. No statements were prepared.
 
 
 10
 MARSHALL, Ch. J. We wish to give general notice to the gentlemen of the har, that unless statements of the case are furnished according to the rule, the causes must either be dismissed or continued.
 
 
 11
 Jones, for plaintiff in error. There are two objections to the proceedings of the court below.
 
 
 12
 1st. That the alias capias and the bond include 22 pounds of tobacco for the clerk's fee, in issuing the alias capias.
 
 
 13
 2d. That the alias capias does not include 12 cents, taxed as part of the costs on the original judgment.
 
 
 14
 For this variance between the bond and the original judgment, the court below ought not to have awarded execution upon the bond, but ought to have quashed both the bond and the execution upon which it was founded.
 
 
 15
 Every execution must pursue the judgment, or it is void.
 
 
 16
 The judgment having included all the costs, a ministerial officer cannot add any thing, unless warranted by statute.
 
 
 17
 No fee is given by statute for issuing an alias capias. The execution was therefore void, and no subsequent release of the fee by the plaintiff can make it good. The plaintiff, if he takes out an alias ca. sa. must do it at his own cost. The words of the act of assembly (Revised Code, p. 308, § 2.) are, 'when any writ of execution shall issue, and the party, at whose suit the same is issued, shall afterwards desire to take out another writ of execution at his own proper costs and charges, the clerk may issue the same, if the first writ be not returned and executed.'
 
 
 18
 MARSHALL, Ch. J. Does not that relate to an alias taken out before the return day of the first execution?
 
 
 19
 Jones. No alias execution can issue until after the return day of the first. If the first execution be returned not executed; or if it be executed and not returned, the plaintiff may have an alias, but it must be at his own expense.
 
 
 20
 MARSHALL, Ch. J. Would not an action at common law lie on the bond, even if the execution was quashed upon which the bond was founded?
 
 
 21
 C. Lee. If the bond was erroneous, the court would quash it as well as the execution. (Simm v. Johnson, in the court of appeals of Virginia, reported in Washington's or Call's Reports.)
 
 
 22
 MARSHALL, Ch. J. The plaintiff may quash the bond, and proceed on the original judgment; but the defendant can only quash the execution. A difference was taken between a bond on a ca. sa. and a bond on a fi. fa. under the construction of the statute of H. 8, respecting sheriffs taking bonds colore officii. The case is reported. I was counsel and argued the case. I believe it was that of Simm v. Johnson.
 
 
 23
 Simms, for defendant in error. At common law, a creditor might have an alias capias if the first was returned non est. The statute provides, that he may also have an alias if the first be not returned executed. If the first be not returned, the alias must be at the plaintiff's costs; if it be returned, the alias is to be at the costs of the defendant.
 
 
 24
 In no case is judgment given for the costs of an execution. The clerk never taxes it until he issues the execution. The constant and uniform practice of the courts of Virginia, is to add the cost of the alias, if the first be returned and not executed.
 
 
 25
 But if the clerk had not a right to insert the cost of the alias ca. sa. that does not vitiate the bond. It is but the act of a ministerial officer, and the court have a right to correct it.
 
 
 26
 The sheriff is to take the bond for the amount mentioned in the execution. It is not right that the error of the clerk should deprive the plaintiff of his security; especially, as the bond is given for the benefit of the debtor, and the creditor has released the whole amount in dispute. It is no cause to quash the bond; nor to render it void at common law.
 
 
 27
 Swann, on the same side. The judgment is for costs; all the costs which have accrued or shall accrue. It is admitted that we have a right to recover the costs of the first execution; and even if the clerk has mistaken the law in adding the costs of the second, yet, that error is cured by the plaintiff's release. In the case of Scott v. Hornsby, 1 Call, 41, the court of appeals of Virginia, decided, that if a forthcoming bond be taken for more than the sum due by the execution, and the plaintiff release the excess, the bond will support a judgment.
 
 
 28
 Jones, in reply. The awarding of execution on a forthcoming bond, upon motion, is a summary remedy given by statue, in derogation of the common law, and, therefore, the provisions of the statute must be strictly pursued. The release cannot aid an error in the exercise of this summary jurisdiction. I admit the practice to be, that if the bond be for more than the judgment, and the plaintiff releases the excess, it will support a judgment. So if the bond be for too small a sum, it is still good as a bond at common law. But in neither case will it support the summary proceeding by motion.
 
 
 29
 The taking a forthcoming bond, is one mode of executing the writ. If the defendant be arrested, the quashing of the execution releases his body. So, if goods be taken on a fi. fa. and the fi. fa. be quashed, the goods are discharged. So in this case, the bond, (being taken in lieu of the goods or of the body) would be discharged by the quashing of the execution.
 
 
 30
 It is true the judgment is for costs; but it cannot be in the alternative; that is, if one execution, then for 22 pounds of tobacco; and if two executions, then for 44 pounds of tobacco.
 
 
 31
 MARSHALL, Ch. J.
 
 
 32
 The court is of opinion, that the act of assembly contemplates the case where the first execution is not returned nor executed; that is, where it is out and may be served.
 
 
 33
 The clerk was right in adding the costs of the alias ca. sa. The judgment is for costs, generally; which includes all the costs belonging to the suit, whether prior, or subsequent to the rendition of judgment. If new costs accrue, the judgment opens to receive them.
 
 
 34
 Judgment affirmed with costs.