## Case No. 671.

### The AVERY.

[2 Gall. 308.] [1]

Circuit Court, D. Massachusetts. Oct. Term, 1814.

OFFICE AND OFFICER — MARSHAL'S COMMISSIONS— CLERK'S FEES—INTERLOCUTORY SALES.

1. The marshal is entitled to his full commissions, according to the act of 1799, c. 125, [1 Stat. 624,] upon all interlocutory sales of prize property. The act of 27th Jan., 1813, c. 155, [2 Stat. 792,] applies only to sales after final condemnation.

2. The clerk is entitled to commissions upon proceeds of prize property sold by interlocutory order, and paid into court by the marshal.

[Cited in Leech v. Kay, 4 Fed. 73.]

3. It is the duty of the marshal, upon all interlocutory sales to bring the proceeds into court, with a regular account of the sales.

G. Blake, for the captors.

Dexter, for the marshal. Shaw, clerk, in pro. per.

Before STORY, Circuit Justice, and DAVIS, District Judge.

STORY, Circuit Justice. The brig Avery and cargo were captured on the 28th of April, 1813; and prize proceedings having been instituted, part of the cargo was condemned, and the residue finally ordered to be restored by the district court; and, on appeal to this court, the decree of restoration was, at this term, reversed, and the whole property condemned to the captors. Pending the proceedings in the court below, the goods, whereof restoration was afterwards decreed, were, in pursuance of an interlocutory order of the 28th of August, 1813, sold on the 7th of the ensuing September, and the proceeds paid over to the clerk of the district court on the 27th of the ensuing October. An application has now been made, in behalf of the captors, to have the net proceeds paid over to them, after allowing to the marshal his commissions according to the act of 27th Jan., 1813, c. 155, [2 Stat. 792,] and without any allowance whatever to the clerk for commissions. Notice having been given to the marshal and clerk to show cause why this application should not be granted, they have appeared and claimed the commissions allowed to them respectively by the act of 28th of Feb., 1799, c. 125, §§ 1, 2.

The questions have been argued, and are now to be decided. It is contended, on behalf of the captors, that the act of 28th Feb., 1799, c. 125, [1 Stat. 624,] which allows to the marshal as fees "for sales of vessels or other property, and for receiving and paying the money, for any sum under five hundred dollars, two and one half per cent. for any larger sum one and a quarter per cent. upon the excess," is repealed, so far as respects prize causes, by the act of 27th of Jan., 1813, c. 155. This act, after providing that all vessels and property captured by private armed ships, and condemned as prize, shall, after condemnation, be sold by the marshal, in such lots, and on such credit, as the owners of the ship shall direct; and after further providing, that the marshal shall pay over and distribute the proceeds among the parties entitled, after deducting duties, costs, and charges, declares, that for selling prize property, and receiving and paying over the proceeds as aforesaid, the marshal shall be entitled to a commission of one per cent. and no more, first deducting all duties, costs and charges; with a proviso, that in no case of condemnation and sale of any one prize vessel and cargo shall his commission exceed two hundred and fifty dollars.

It is very clear, that the terms of this act apply only to sales after a final condemnation, and not to sales made pendente lite under interlocutory decrees of court. Nor can it be admitted, that the intention of the legislature requires a more enlarged construction. Interlocutory sales are often ordered under a perishable monition and survey, or for other good cause, in the discretion of the court; and such sales are invariably made for cash only. This becomes indispensable, because the rights of the parties litigating before the court are not ascertained, and the net proceeds are to be brought into the registry, to await the final decision. Suppose a final decree of restoration should pass after such an interlocutory sale; are the commissions of the marshal restricted to the provisions of the act of the 27th of Jan., 1813, c. 155? It cannot be doubted, and indeed was conceded at the argument, that such a case was without the statute. And if it be so, I

should be glad to know, how a subsequent decree of condemnation would vary his right. His title to the commissions accrues at the time of the sale, and not upon the final result of the cause. It attaches, if at all, at the moment when he has executed his duty, and paid over the proceeds of the sale to the court. He is then entitled to deduct his fees; and I know of no subsequent fact, that can have a retroactive effect to defeat his rights. On the whole, I am of opinion, that the act of 27th of Jan., 1813, c. 155, applies only to sales of prize property after a final condemnation, and is so far and no farther a repeal of the act of 28th of Feb., 1799, c. 125. The marshal is therefore entitled to his full commissions.

As to the claim of the clerk to one and a quarter per cent. commission, allowed him by the act of 28th of Feb., 1799, c. 125, reviving the act of 1st of March, 1793, c. 20, [1 Stat. 622,] "on all money deposited in court," there is not, in my judgment, the slightest reason to contest it. The only argument urged against it is, that the money under the interlocutory sale ought not to have been paid into court by the marshal; and that the clerk cannot gain a title by an irregular act of the marshal. The whole foundation of this argument fails. It was not only not an irregularity for the marshal to pay the money into court, but it would have been a gross misconduct on his part to have done otherwise. It is his duty, on all interlocutory sales, to bring the proceeds immediately into court with a regular account of such sales. This is the known and uniform practice of the court, and I will add, it is a practice not only founded in the settled doctrines of the admiralty, but also of great importance for the security of suitors. Let the clerk, therefore, be allowed his usual commissions out of the prize property in the registry.