GOODMAN (KAMPSHALL v.). See Case No. 7,605.

GOODMAN (McFARLAND v.). See Case No. 8,789.

GOODMAN v. NEW YORK GUARANTY, ETC., CO. See Case No. 18,125.

GOODNOUGH v. WARREN. See Case No. 5,534.

---

## Case No. 5,541.

### In re GOODRICH.

[4 Dill. 230.] [1]

Circuit Court, E. D. Arkansas. 1878.

REV. ST. § 828, IN RESPECT OF COMMISSION TO CLERK ON MONEYS PAID INTO COURT, CONSTRUED—WHEN CLERK ENTITLED TO COMMISSION—WHO LIABLE TO PAY THE SAME.

1. The one per cent. commission allowed to the clerk, "for receiving, keeping, and paying out money, in pursuance of any statute or order of court" (Rev. St. § 828), implies that the money shall be actually received, kept, and paid out by him, and is his compensation for such services.

[Cited in Leach v. Kay, 4 Fed. 74; Blake v. Hawkins, 19 Fed. 205; Fagan v. Cullen, 28 Fed. 844; The Vernon, 36 Fed. 114; The Serapis, 37 Fed. 443; Smith v. The Morgan City, 39 Fed. 573; Easton v. Houston & T. C. Ry. Co., 44 Fed. 721.]

2. The clerk is not, at least in general, entitled to such commission on moneys which, although ordered to be, are not, in fact, paid into his hands.

[Cited in Leach v. Kay, 4 Fed. 74; Thomas v. Chicago & C. S. Ry. Co., 37 Fed. 550.]

3. A party adjudged to pay money, may pay it to the party entitled, or his attorney of record, and the clerk or registrar will not, in such case, be entitled to commission or poundage; but if he pays to the clerk, he does the act which entitles the clerk to his commissions, and must, as a rule, pay the same, and the amount cannot be taxed against the other party. See Upton v. Tribilcock, note at end of case.

Certain questions as to the right of the clerk to commissions on money ordered to be paid into court, and as to the party liable to pay such commissions, were submitted on the following agreed case: "Several writs of mandamus have issued from this court against the city of Little Rock, in favor of different parties, commanding the city to levy

a certain tax for the purpose of paying off the judgments upon which the writs of mandamus were issued, and ordering that, when the tax so levied shall have been collected, the same shall be paid into the registry of this court, for the purpose of satisfying the judgments and costs. It is the practice here, in conformity to the mode adopted in the district court, that when said money is paid into the registry the clerk shall execute to the proper city or county officers receipts for the same, showing how the same has been applied and apportioned among the creditors, with separate statements of credits and costs. In the cases against the city of Little Rock, the attorneys for the plaintiffs have refused to allow the taxes so collected in obedience to the writs of mandamus to be paid into the registry, and have caused the city officers holding the same to pay the amounts to them as attorneys for plaintiffs, and refuse to pay or allow the clerk's poundage, or commission of one per cent., which he claims under section 828 of the Revised Statutes of the United States. We agree to submit the following propositions to the circuit judge, the district judge declining to act: First. Whether, when the writ of mandamus commands that the money collected under it shall be paid into the registry of the court, the city or county officer holding the same can pay it to the attorneys for the plaintiffs, instead of into the registry of the court. Second. Whether, when money is paid to the plaintiffs' attorneys, collected on mandamus which commands said money to be paid into the registry, the clerk is entitled to his poundage or commission. Third. Whether the plaintiffs or defendants are liable for clerk's poundage, where money is paid into the registry. B. S. Johnson, City Attorney. U. M. Rose, for Creditors. Ralph L. Goodrich, Clerk, pro se."

U. M. Rose, Gallagher & Newton, and Geo. L. Basham, for creditors.

We submit that the plaintiff cannot have any costs to pay in collecting a judgment. The commissions of the clerk are like the commissions of the marshal when he collects the money, and they should be taxed as part of the costs in the case.

DILLON, Circuit Judge. "For receiving, keeping, and paying out money, in pursuance of any statute or order of court," the clerk is entitled to "one per centum on the amount so received, kept, and paid." Rev. St. § 828. The one per cent. thus allowed is for compensation to the clerk for the trouble and responsibility of actually receiving, keeping, and paying out money.

On the facts submitted, I am of opinion that the clerk is not entitled to a commission on moneys which, although ordered to be, were not, in fact, paid to him under the writs of mandamus.

If a party adjudged to pay money, instead

---

[1] [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission.]

of paying it to the party entitled, or his attorney of record, elects to pay the same to the clerk, he does the act which entitles the clerk to his commission for receiving, keeping, and paying out the money, and he must pay the commission allowed to the clerk therefor, and the same cannot be taxed against the other party, as was held by Mr. Justice Miller, in Upton v. Tribilcock. (See note.) That case, in principle, covers the case submitted to me. The claim of the clerk is disallowed. There are no equitable circumstances presented in this case to vary the general rule. Ordered accordingly.

NOTE. Upton v. Tribilcock.—The case was thus: Judgments were rendered against defendants, and by stipulation of parties, all the judgments were to be satisfied upon the payment of $18,000, in three equal installments, "to the clerk of the circuit court of the United States, at Des Moines." Under this stipulation defendants paid to the clerk $6,000, the first installment, from which the clerk deducted one per cent., his commission for receiving, keeping, and paying out the money. Plaintiff only gave credit for the amount received by him from the clerk, to-wit: the sum of $5,940. The other installments were paid, as they became due, to the plaintiff's attorneys of record, and upon final payment plaintiff claimed that defendants should pay the $60 deducted by the clerk. The defendants denied their liability to pay the same.

The question was submitted to Mr. Justice Miller, who decided that defendants, notwithstanding the stipulation to pay to the clerk, were at liberty to pay to the plaintiff, or the plaintiff's attorneys of record, and take their receipt therefor, and that in the event of such payment the clerk would not be entitled to the commission of one per cent., but the defendants, having of their own election paid the $6,000 to the clerk, were liable for the clerk's commission of one per cent. on the $6,000; and he held that the defendants must pay the clerk's poundage ($60) on the sum which they actually paid in to the clerk, but were not liable for poundage on any other part of the amount of the judgment. [See 91 U. S. 45.]