BLAKE and others *v.* HAWKINS and others.[1]

*(Circuit Court, E. D. North Carolina.* ·November Term, 1883.)

1. CLERK—AGENT OF THE LAW.
   Where money is paid to a clerk, under a judgment of court, he receives it, not as the agent of either party, but as the agent of the law.

2. JUDGMENT—ORDER OF COURT.
   A judgment is an order of court, within the meaning of section 828 of the Revised Statutes of the United States.

3. CLERK'S COMMISSIONS— COSTS—REV. ST. § 828.
   A clerk who receives, keeps, and pays out money under a judgment is entitled to a commission of 1 per cent. on the amount so received, (Rev. St. § 828,) to be paid by the defendant as part of the costs.

At June term, 1883, the complainants recovered a judgment against the defendants for $29,355, and costs. Thereupon, before an execution was issued, the defendants paid into the clerk's office the amount of the judgment and costs, except a commission of 1 per cent., which the clerk claimed under Rev. St. § 828; the defendants denying the right of the clerk to any commission, and claiming that, in any view, they were not liable for it.

*E. G. Haywood, D. G. Fowle, Reade, Busbee & Busbee, Hinsdale & Devereux,* for complainants.

*Merrimon & Fuller,* for defendants.

SEYMOUR, J. At June term a final judgment was rendered in the above case in favor of the plaintiffs and against the defendants. The defendants have paid the amount of the judgment to the clerk of this court, who has paid said amount to the plaintiffs; reserving, however, the question of his commissions, and the amount claimed by him, $293.55, which is retained by the plaintiff's attorneys, to await the decision of this court upon the· question whether these commissions ought to be paid out of the recovery, or by the de-

[1] Reported by John W. Hinsdale, Esq., of the Raleigh, N. C., bar.

fendants. The question depends upon the construction to be put by the court upon section 828 of the Revised Statutes. The clause of the section in controversy reads:

"Clerk's Fees. * * * For receiving, keeping, and paying out money, in pursuance of any statute or order of court, one per centum on the amount so received, kept, and paid."

There is no question but that the clerk received, kept, and paid out the sum upon which he claims his 1 per cent. It is, however, contended by the defendants that he did not do so "in pursuance of any statute or order of the court." The controversy depends upon whether or not the clerk received the money under an order of this court. This seems too plain for discussion. The order of the court was its judgment. That was, that the defendants pay to the plaintiffs the amount to which they were entitled. It was under that order that the defendants paid the sum recovered to the clerk. They might have awaited an execution, or, if the money were in the hands of a trustee or officer who would be controlled by the order of the court, an order directing such officer or trustee to pay as should be ordered. But it was safe for them to pay the clerk. The judgment and his official bond, one or both, were their protection. Had there been no "order of the court," they could not have safely paid him. He would have been only their agent, or the agent of the plaintiffs. The judgment under which, and under which alone, they paid the money, made him the agent of the law, and threw around the payment the security of the bond which the statute requires. If the clerk had failed to pay the amount of the judgment to the plaintiffs, it could not have been again collected from the defendants.

The question, then, becomes simply one of who shall pay the costs. That has been already determined; the costs, which include those of the execution, or whatever means of collecting the amount of the judgment take its place, must be paid by the defendants. This opinion has the support of that of Judge DILLON in the eighth circuit, (*In re Goodrich,* 4 Dill. 230,) and of Judge DICK in the fourth circuit, (*Kitchen* v. *Woodfin,* 1 Hughes, 340.) If the amount paid is not sufficient to satisfy the decree and the commissions of the clerk, the judgment opens to include such commissions. *Peyton* v. *Brooke,* 3 Cranch, 92; *Kitchen* v. *Woodfin, supra.*