FAGAN *v.* CULLEN.

(*Circuit Court, E. D. Michigan.* October 18, 1886.)

CLERK OF COURT—PERCENTAGE ON MONEY COLLECTED BY MARSHAL.
  The clerk of the United States circuit court is entitled to a commission of 1 per cent. upon moneys collected by the marshal upon executions.

This was an informal appeal from the taxation of costs. In delivering the execution to the marshal, the clerk minuted on the back, in addition to the amount of the judgment, interest, and costs, a charge of $18.15 for clerk's commission on the amount of the judgment. Defendant paid the amount of the execution to the marshal, and requested the opinion of the court as to whether the clerk was entitled to a commission. The matter was submitted without argument.

BROWN, J. By Rev. St. § 828, the clerk is entitled, "for receiving, keeping, and paying out money, in pursuance of any statute or order of the court, one per centum on the amount so received, kept, and paid." It is clear that, although a fund may be subject to a decree of the court, yet the clerk is not entitled to his commission thereon unless the money be actually paid into court, or passes under his control. This was said of a fund in the hands of an administrator which had been the subject of litigation. There had been no order that the fund should be paid into court; and, although it was subject to decree and within judicial control, it was not considered as money deposited in court, or moneys received, kept, and to be paid out by the clerk, and it was held that he was not entitled to a commission. *Ex parte Plitt,* 2 Wall. Jr. 453. So of money in the hands of an assignee in bankruptcy, which the law provides the assignee shall deposit in his own name as assignee, and which

is paid out upon the checks of himself and the register. *Leech* v. *Kay*, 4 Fed. Rep. 72.

By the practice in New York, and in most of the states, the sheriff may bring the proceeds of an execution into court, or pay the same directly over to the plaintiff or his attorney; the usual course being to pay it to the plaintiff, or the party owning the judgment, or to the attorney who issued the execution, (Crock. Sher. § 419;) but the practice in the federal courts is regulated by Rev. St. §§ 995, 996, and we think these sections are decisive in favor of allowing the clerk's commission in this case. By section 995 "all moneys paid into any court of the United States, or *received by the officers thereof,* in any case pending or adjudicated in such court, shall be forthwith deposited with the treasurer or assistant treasurer, or a designated depository of the United States, in the name and to the credit of such court. * * *" By section 996 "no money deposited as aforesaid shall be withdrawn except by order of the judge or judges of said courts respectively, in term or in vacation, to be signed by said judge or judges, and to be entered and certified of record by the clerk; and every such order shall state the cause in or on account of which it is drawn." Moneys received by the marshal should, under these sections, either be immediately deposited by him, or paid to the clerk, and by him deposited. In either case it can be withdrawn only upon the order of the judge entered of record by the clerk; and upon such moneys the clerk is clearly entitled to his commission. The practice in this district is for the judge to sign, and the clerk to certify, the check.

Whether the payment of this commission might be avoided by the defendant in the execution paying the money directly to the plaintiff or his attorney it is unnecessary to decide. In the *Case of Goodrich,* 4 Dill. 230, Judge DILLON thought that the clerk was not entitled to a commission on moneys which, though ordered to be, were not in fact, paid to him under writs of *mandamus,* but were paid to the plaintiff in the writ. So, in *Upton* v. *Triblecock,* 4 Dill. 232, note, Mr. Justice MILLER thought that the defendants, notwithstanding a stipulation to pay to the clerk, were at liberty to pay to the plaintiff or his attorney, and take their receipt therefor, and that in event of such payment the clerk would not be entitled to a commission. In *Leech* v. *Kay,* 4 Fed. Rep. 72, Judge HAMMOND indicated that he would not sanction a combination between the parties to make the payment so as to defeat the clerk's commission, and in this conflict of authority we do not feel at liberty to express an opinion. We take it there is no doubt that the plaintiff is entitled to receive the whole of his judgment and costs, and that this commission must be paid by the defendants. *In re Goodrich, supra; Upton* v. *Triblecock, supra; Kitchen* v. *Woodfin,* 1 Hughes, 340, 342; *Blake* v. *Hawkins,* 19 Fed. Rep. 204.

The taxation of the clerk is sustained.