EASTON et al. v. HOUSTON & T. C. RY. Co. et al.

(*Circuit Court, E. D. Texas.* January 13, 1891.)

CLERK'S FEES—DEPOSIT OF EARNEST MONEY.
　　Rev. St. U. S. § 995, provides that all moneys paid into any court of the United States or received by the officers thereof in any cause pending or adjudicated in such court shall be forthwith deposited with the treasurer, an assistant treasurer, or a designated depositary of the United States, provided that the delivery of such money upon security, and according to agreement of parties, under the directions of the court, may be allowed. The fee-bill (Rev. St. U. S. § 828) allows "for receiving, keeping, and paying out money, in pursuance of any statute or order of court, one per centum on the amount so received, kept, and paid." *Held,* that where a decree ordering the sale of mortgaged railroad property requires the payment of earnest money into court at the time of the sale, to be returned in case the same is not confirmed, and afterwards, by consent of parties, the decree is modified so as to allow certified bank-check to be given instead of cash, and requiring the commissioner to deposit the same with a trust company, the clerk of the court is not entitled to receive any percentage thereon as a fee. Distinguishing *Ex parte Prescott,* 2 Gall. 146, and *Thomas v. Railway Co.,* 37 Fed. Rep. 548.

In Equity.
*Ford & McComb,* for intervenor.
*Baker, Botts & Baker,* for complainants.

PARDEE, J. In the final decree, directing the sale of the mortgaged property in this cause, among other provisions, was the following:

"That of the purchase price bid on such sale a deposit, amounting to the sum of one hundred thousand dollars, ($100,000.00,) shall be paid in cash to the commissioner at the time of sale, and shall be deposited in the registry of this court to the order of the cause. If separate bids be made and accepted for separate portions of the property to be sold, then the deposit so made shall not be less than seventy-five thousand dollars on the purchase of the main line of the railway and its appurtenances, and twenty-five thousand dollars on the purchase of any other portion. In addition to the deposit or deposits made at the time of the sale such further portions of the purchase price shall be paid in cash and deposited as the court in this cause may from time to time direct, the court reserving the right to resell in this cause the premises and property herein directed to be sold, or any part sold separately, upon the fail-

ure of the purchaser or purchasers thereof, or their successors or assigns, to comply within twenty days with any order of the court in that regard. And in case of any resale on the failure of the purchaser or purchasers to comply with the terms of the bid or the orders of the court relative to such additional partial payments as may from time to time be directed, all sums paid in by such purchaser shall be forfeited as a penalty for such non-compliance. If any sale for which a deposit is made be not confirmed by the court such deposit shall be returned to the bidder."

It was further provided in said decree that "any party to the cause, also any intervening petitioner, who has duly filed his petition herein, and also the receivers, may at any time apply to this court for further relief at the foot of this decree, as well as for such modifications thereof in respect to the distribution of the proceeds of sale," etc. Thereafter, on the petition of the complainants and the consent of the defendants, that part of the decree, to-wit: "And it is further ordered, adjudged, and decreed that of the purchase price bid on such sale a deposit, amounting to the sum of one hundred thousand dollars, shall be paid in cash to the commissioner at the time of sale, and shall be deposited in the registry of this court to the order of the cause,"—was, by proper decree, modified and changed so as to read: "That of the purchase price bid on such sale a deposit, amounting to the sum of one hundred thousand dollars, shall be paid in cash to the commissioner at the time of sale, and he is authorized and directed to receive certified bank check or checks, or bank certificates of deposit, for one hundred thousand dollars, satisfactory to him, in payment of such deposit; and he shall deposit the same with the Central Trust Company of New York, subject to his own order, as special commissioner, to be held subject to the order of this court." The special master commissioner, in reporting the sale of the railway property, reported that the provisions of the decree in relation to the deposit were complied with. The clerk, by his intervention, claims that the decree was modified without authority, and that he is entitled to a registry fee on the sum of $100,000, relying upon the provisions of the fee-bill, (Rev. St. § 828,) to-wit:

"For receiving, keeping, and paying out money in pursuance of any statute or order of court, one per centum on the amount so received, kept, and paid," in connection with section 995 of the Revised Statutes, to-wit: "All moneys paid into any court of the United States, or received by the officers thereof, in any cause pending or adjudicated in such court, shall be forthwith deposited with the treasurer, an assistant treasurer, or a designated depositary of the United States, in the name and to the credit of such court: provided, that nothing herein shall be construed to prevent the delivery of any such money upon security, and according to agreement of parties under the directions of the court."

The court had the right to modify the decree. The original decree provided for modifications upon proper application, and the complainants petitioned for the one in question, and the defendants consented thereto. The modification seems to have been a proper one under the circumstances of the case. The money affected by it was earnest or forfeit money. In a contingency it was to be restored in its entirety to the purchaser, and was undoubtedly his money until the sale should be

confirmed. If it had been deposited in the registry of the court, as provided in the original decree, and the sale had been set aside, it could not have been restored in its entirety to its owner, because, in that case, the clerk's fee would have attached, and properly so; for then he would have had the responsibility of receiving, keeping, and paying out the money. The proviso of section 995, Rev. St., stipulates that that section shall not be construed to prevent the delivery of money described in the statute upon security, and according to agreement of parties under the directions of the court. The deposit of the earnest money in this case was upon security satisfactory to the parties, and according to their agreement under the direction of the court. The cases of *Ex parte Prescott*, 2 Gall. 146, and *Thomas* v. *Railway Co.*, 37 Fed. Rep. 548, are cited in support of the clerk's claims in this case. *Ex parte Prescott* was a case where certain prize proceeds deposited in banks subject to the order of court were held chargeable with clerk's commission under a statute which provided that the clerk of the district court shall, among other fees, be entitled to 1¼ per cent. on all money deposited in the court. The question decided by Judge STORY was whether the prize moneys aforesaid had been deposited in court. In deciding that, and allowing the clerk's commission as claimed, Judge STORY said:

"Where the language of an act is plain and clear, the cases are not to be excepted from the generality of the expressions unless such exceptions are fairly implied or necessarily drawn from the purview. The statute does not speak of money coming into the hands or possession of the clerk, and to ingraft such a qualification upon the language would be legislation, and not judicial construction."

It may be noticed that the fee-bill in force at the time *Ex parte Prescott* was decided is entirely different from the present law in relation to the registry fee of the clerk; instead of being upon moneys deposited in court, it is now "for receiving, keeping, and paying out money in pursuance of any statute or order of court." In the case of *Thomas* v. *Railway Co.*, *supra*, the proceeding before the court was to vacate an order made by consent of the parties that certain moneys (the proceeds of a judicial sale) be deposited in the hands of a master to the credit of the cause, the same to be paid upon the master's checks, countersigned by the solicitor for the complainant, on the ground that such order had been improvidently made in violation of section 995 of the Revised Statutes. The syllabus of the case credited to the court is as follows:

"Money received by a master in chancery in payment of property sold upon the foreclosure of a mortgage ought, in pursuance of Rev. St. § 995, to be deposited with a designated depositary of the United States, and the clerk is entitled to his commission thereon."

The question really decided in that case was that the deposit agreed to by the parties was not the delivery of money upon security according to the agreement of the parties under the direction of the court, and the order was vacated.

If the present case was one to vacate the modified decree providing for the deposit of the earnest money with the Central Trust Company

the decision just referred to would be very strongly in point. Here the question is simply whether the clerk is entitled to commissions upon moneys which he has not actually received, kept, and paid out in pursuance of any statute or order of the court, because, as he claims, the money was paid into court, and should have been deposited with the treasurer or some designated depositary. The adjudged cases laying down the better rule in this matter are *Upton* v. *Triblecock*, 4 Dill. 232, note; *In re Goodrich*, Id. 230; *Leech* v. *Kay*, 4 Fed. Rep. 72; and *Ex parte Plitt*, 2 Wall. Jr. 453,—where it is held that the commission allowed to the clerk under section 828, Rev. St., "for receiving, keeping, and paying out in pursuance of any statute or order of court," cannot be claimed unless the money passes through his hands. The intervention should be dismissed, and it is so ordered.