FARMERS' LOAN & TRUST CO. et al. v. DART.

(Circuit Court of Appeals, Fifth Circuit.   December 20, 1898.)

No. 664.

CLERKS OF CIRCUIT COURTS—COMMISSIONS—FUNDS IN HANDS OF RECEIVER.
   A clerk of a circuit court is not entitled to a commission, under Rev. St. § 828, on moneys of a receivership, deposited and paid out directly by the receiver under orders of the court, which never came into the possession of the clerk, and for which he was not responsible.

Appeal from the Circuit Court of the United States for the Eastern District of Texas.

In April, 1889, the Farmers' Loan & Trust Company filed its bill to foreclose a first mortgage on the Waco & Northwestern Division of the Houston & Texas Central Railway Company. The property covered by the mortgage was placed in the hands of a receiver. The foreclosure proceedings were protracted, and the property was finally sold at a foreclosure sale. During the proceedings the railroad was operated by the receiver, and a large amount of surplus revenues accrued from the operation of the road, and from the rental and sale of lands covered by the mortgage. By order of the court the surplus revenues were deposited from time to time with the assistant treasurer of the United States at New Orleans, La. On June 7, 1897, with a view to complete the sale of the property and wind up the receivership, the court made an order of reference to the special master in the cause. He was directed to ascertain the amount of funds to the credit of the cause, the sources from which the funds were received, the amount and character of all outstanding claims, the distributive share of each bond, the costs and charges still unpaid, and other matters necessary for a final settlement of the receivership. A full history of the litigation was given on previous appeals to this court. 24 C. C. A. 487, 79 Fed. 202; 24 C. C. A. 495, 79 Fed. 210; 24 C. C. A. 497, 79 Fed. 212; 24 C. C. A. 500, 79 Fed. 215; 24 C. C. A. 506, 79 Fed. 222. The clerk, in transmitting to the special master the order of reference of June 7, 1897, wrote a letter to the special master, accompanied by a statement and certificate purporting to show the deposits in the registry of the court in the cause, and also a bill of costs by which the clerk allowed himself 1 per cent. on $650,212.16, the amount of the deposits. The clerk, in his letter to the special master, stated that the bill of costs was not intended to be referred to him for taxation, as he (the clerk) had taxed the costs in accordance with the power conferred on him by law, but that the bill of costs was forwarded as being one of the items included in the reference. The solicitors for certain intervening bondholders objected to the bill of costs before the special master on the ground that the claim of the clerk was not due under the act of congress fixing the compensation and fees of clerks in such matters, and especially on the ground that the money referred to had not been received, kept, and paid out by the clerk. The special master, in his report, after stating the manner in which the bill of costs had reached him, and the declaration of the clerk that the bill of costs had not been transmitted to the special master for taxation, made no finding as to the claim, "inasmuch as this involves a question of law not specially referred to the master." After the report of the special master had been filed in the lower court, the clerk moved the court to enter an order for the payment of his claim. This was opposed by the Farmers' Loan & Trust Company, complainant in the cause, and by the intervening bondholders, and they moved for a retaxation of the costs. The lower court rendered a decree allowing the clerk the full amount of his

claim (that is, 1 per cent. on $650,212.16), and the opposing parties have appealed.

L. W. Campbell, for Moran Bros. and Henry K. McHarg.

J. P. Blair, for Farmers' Loan & Trust Co.

John M. Duncan, for appellee.

Before PARDEE, Circuit Judge, and SWAYNE and PARLANGE, District Judges.

PARLANGE, District Judge (after stating the facts as above). A bill having been filed to foreclose a mortgage on the Waco & Northwestern Division of the Houston & Texas Central Railway Company, a receiver was appointed, who continued the operation of the road. While the road was thus being operated by the receiver, surplus revenues from the earnings of the road; and rentals and proceeds of the sale of land covered by the mortgage, accrued, and the aggregate of those moneys involved in this cause is $650,212.16, upon which the clerk has taxed to himself, and claims, under section 828, Rev. St. U. S., a commission of 1 per cent. The first item of this aggregate is one for $100,000 deposited on December 14, 1892, by Alfred Abeel, receiver, in accordance with an order of court dated December 6, 1892. This seems to be for moneys which, when a change of receiver took place, were transferred, by an order of court, from one receiver to the other. These moneys, after being received by the second receiver, appear to have been deposited in court by him. It is clear that the moneys came into the hands of the clerk, who then deposited them with the United States assistant treasurer at New Orleans, subject to his check in his official capacity. The assignment of errors and the briefs of appellants do not seem to be aimed so directly at this item of $100,000 as to the other moneys involved. The commission provided by section 828, Rev. St. U. S., is to compensate the clerk for his services, trouble, and responsibility in "receiving, keeping and paying out money, in pursuance of any statute or order of court." Judge Pardee, in the case of Easton v. Railway Co., 44 Fed. 718, called attention to the fact that there has been a material change in the fee bill on the point herein involved. Formerly the commission was allowed upon moneys deposited in court, while at present the commission is for the services and liability of the clerk in taking possession of, preserving, and turning over the funds. As to the item of $100,000 above mentioned, the clerk's claim is valid, but his contention as to the other moneys cannot be sustained. Appellee's brief states and admits that all the moneys, except the item of $100,000, were deposited by the receiver directly with the assistant treasurer. They were, or are to be, paid out by the receiver, under orders of court directing him so to do. They never came into the possession of the clerk. Even if they were or are in the registry of the court, we have shown that the present law does not allow a clerk commission on money merely because it has gone into the registry of the court. The clerk never incurred any responsibility with regard to the funds, and he has not, and, under the circumstances, could not have, paid them out. The only authority cited on appellee's brief in support of his

claim is the above-cited case of Easton v. Railway Co. This was a case in which the court had decreed the sale of mortgaged railroad property, and required purchasers to pay earnest money into court at the time of sale; the earnest money to be returned, if the sale was not confirmed. Subsequently, by consent of parties, the decree was modified so as to allow a certified bank check to be given in lieu of cash, and the master commissioner was directed to deposit the same with a trust company. Upon that state of facts the court held that the clerk was not entitled to a commission. In the course of its opinion the court said:

"If it [the earnest money] had been deposited in the registry of the court, as provided in the original decree, and the sale had been set aside, it could not have been restored in its entirety to its owner, because in that case the clerk's fee would have attached, and properly so; for then he would have had the responsibility of receiving, keeping, and paying out the money."

This language is relied on by the appellee to sustain his claim. But it is clear that it does not do so. When the court said that, if the earnest money had been deposited in court, the clerk would have been responsible for receiving, keeping, and paying out the money, it is obvious that the court contemplated that he would have performed those services, and could not have meant, in the connection in which the language was used, that he would have been responsible if he had not performed the services. Of course, if the earnest money had been paid into court, if it had come into the clerk's possession, if he had deposited it, and if he had subsequently paid it out under the order of the court, his commission would have attached. But such a case would be entirely different from the one now being considered. See Easton v. Railway Co., supra; Insurance Co. v. Quinn, 69 Fed. 462; In re Goodrich, 4 Dill. 230, Fed. Cas. No. 5,541, and cases therein cited. The judgment of the lower court is amended so as to allow the clerk, appellee, a commission of 1 per cent. on $100,000, and rejecting his claim as to any other moneys; and said judgment, as hereby amended, is affirmed.