JOHNSON et al. v. SOUTHERN BUILDING & LOAN ASS'N.

(Circuit Court, W. D. Arkansas, Ft. Smith Division. August 4, 1899.)

CLERKS OF FEDERAL COURTS—FEES—COMMISSIONS ON MONEY COLLECTED BY RECEIVER.

Rev. St. § 828, gives to the clerk of a federal court a right to a commission of 1 per cent. only on money which passes through his hands, and he is not entitled to such commission or money collected by an ancillary receiver, and by order of the court paid over to the home receiver in another jurisdiction, and which was never paid into the registry of the court.

On Motion by Clerk for Taxation of Costs.

The Southern Building & Loan Association is a corporation organized under the laws of Tennessee. It became insolvent, and D. A. Carpenter was appointed a receiver by the state court at Knoxville, Tenn. Subsequently an ancillary receiver was appointed in the Eastern district of Arkansas, and still later the same receiver (Bowman) was appointed ancillary receiver in this court. He has collected as such receiver a large sum of money (more than $20,-000), and this money, less the expenses of the receivership, was paid over, under the order of this court, to D. A. Carpenter, receiver, at Knoxville, Tenn. The clerk of this court, Thomas Boles, now moves the court to tax as a part of the cost in this case 1 per centum upon the $20,000 heretofore collected by Bowman, receiver, and by him paid over to Carpenter, and that the said Bowman be required to pay 1 per centum to the clerk of this court as a part of his cost, and that in the future the said Bowman be required to pay into the registry of this court all moneys which he may collect as such receiver, to be disposed of according to law. No part of the money collected by Bowman has ever passed through the hands of the clerk, or been paid into the registry of the court.

Thomas Boles, pro se.
S. W. Williams, for receiver.

ROGERS, District Judge (after stating the facts as above). The simple question is whether the clerk is entitled, under section 828 of the Revised Statutes of the United States, to 1 per cent. upon the

moneys which came into the hands of the receiver, and which, under the order of the court, was by him paid over to D. A. Carpenter, receiver of the building and loan association at Knoxville, Tenn. The language of section 828 is, "For receiving, keeping and paying out money in pursuance of any statute or order of court one per centum of the amount so received, kept and paid." There are two lines of authority construing this statute. One line of authority maintains that money paid into the hands of a receiver or paid into the hands of a master in chancery is to all intents and purposes paid into the registry of the court, and that the clerk should have his commissions thereupon. See Thomas v. Railway Co., 37 Fed. 548; Ex parte Prescott, 2 Gall. 145, Fed. Cas. No. 11,388; Fagan v. Cullen, 28 Fed. 843; U. S. v. Haas, 18 Myers, Fed. Dec. 281. The other line of decisions holds directly to the contrary, viz. that the commission allowed to the clerk under section 828 of the Revised Statutes "for receiving, keeping, and paying out money in pursuance of any statute or order of court" cannot be claimed unless the money passes through his hands. Upton v. Triblecock, 4 Dill. 232, Fed. Cas. No. 5,541, note; In re Goodrich, 4 Dill. 230, Fed. Cas. No. 5,541; Leech v. Kay, 4 Fed. 72; Ex parte Plitt, 2 Wall. Jr. 453, Fed. Cas. No. 11,228; Easton v. Railway Co., 44 Fed. 718; Trust Co. v. Dart, 33 C. C. A. 572, 91 Fed. 451. It will be observed that cases reported in 4 Dill. (4 Dill. 232, Fed. Cas. No. 5,541, note; 4 Dill. 230, Fed. Cas. No. 5,541) are decided, one by Dillon as circuit judge of this circuit, and the other by the late Mr. Justice Miller, circuit justice of this circuit. The case in 91 Fed. and 33 C. C. A. is decided by the circuit court of appeals for the Fifth circuit. I should feel inclined, where there is a conflict of authority, to follow any ruling made by the circuit judge of this circuit, in the absence of higher authority; and I deem it my duty to follow the decision of any federal circuit court of appeals in the absence of any expressed decision by the circuit court of appeals of the Eighth circuit. Independent of these decisions, my own opinion is that these cases lay down the better rule. The motion is therefore overruled.

NOTE. Since this case was decided, my attention has been called to U. S. v. Kurtz, 164 U. S. 53, 17 Sup. Ct. 15, which seems to settle the question as it was heretofore decided.