### D. B. MARTIN CO. v. SHANNONHOUSE.

(District Court, E. D. North Carolina. March 3, 1913.)

**1.** CLERKS OF COURTS (§ 70*)—CUSTODY OF FUNDS—DISPOSITION—STATUTES.

Rev. St. § 995 (U. S. Comp. St. 1901, p. 711), provides that all moneys paid into any court of the United States, or received by the officers thereof, in any pending or adjudicated cause, shall be forthwith deposited with the Treasurer, an assistant treasurer or designated depository of the United States, in the name and to the credit of the court, and section 996 declares that any money so deposited shall not be withdrawn except by order of the judge or judges of the court respectively in term or in vacation, etc. *Held* that, where defendant paid the amount of a judgment recovered against him to the clerk of the District Court in which the judgment was recovered, it was the clerk's duty forthwith to deposit the money as provided by section 995, regardless of the fact that the money as soon as paid was levied on under a writ issued out of the state court.

[Ed. Note.—For other cases, see Clerks of Courts, Cent. Dig. §§ 109–118; Dec. Dig. § 70.*]

**2.** ATTACHMENT (§ 164*)—LEVY—MONEY IN CUSTODIA LEGIS—FORM OF LEVY.

Where the proceeds of a judgment recovered in the federal District Court was paid to the clerk, the sheriff, under a warrant of attachment issuing out of the state court, was not entitled to take the money into his actual possession, but the levy should have been made by the clerk, giving to the sheriff a statement of the amount in his hands, or in the registry of the court, stating the purpose for which it was held, etc.

[Ed. Note.—For other cases, see Attachment, Cent. Dig. §§ 464–479; Dec. Dig. § 164.*]

**3.** COURTS (§ 497*)—STATE AND FEDERAL COURTS—ATTACHMENT—MONEY IN CUSTODIA LEGIS.

Where the amount of a judgment recovered against defendant in a federal District Court was paid to the clerk, it thereby passed into custodia

legis, and was not subject to attachment in another suit by defendant against plaintiff in the state court.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 1386, 1397, 1398, 1404–1406; Dec. Dig. § 497.*]

Action by the D. B. Martin Company against H. T. Shannonhouse. On plaintiff's motion for an order for payment to him of money in the registry of the court. Granted.

Winston & Matthews, of Windsor, N. C., and R. H. Talley, of Richmond, Va., for plaintiff.

E. F. Aydlett, of Elizabeth City, N. C., for defendant.

CONNOR, District Judge. This is a motion made by plaintiff to order the payment to it of money in the registry. It appears from the record and affidavits filed: That at the October term, 1912, of this court, at Elizabeth City, plaintiff recovered judgment against the defendant for the sum of about $2,100. That on or about the 16th day of January, 1913, defendant paid to the deputy clerk at Elizabeth City the full amount of the judgment and the costs taxed against him. That soon after the payment of said amount the sheriff of Pasquotank county served upon the deputy clerk a warrant of attachment sued out of the superior court of Perquimans county, in an action pending in said court, wherein the defendant H. T. Shannonhouse is plaintiff, and plaintiff D. B. Martin Company is defendant. The money was in his hands at the time said warrant was served upon said deputy clerk. It had not been deposited by him. He made with the sheriff an arrangement that the money should be deposited in the bank in the joint name of himself and said sheriff for the purpose of protecting both officers and to await the determination of the attachment proceedings. Plaintiff demanded of said deputy clerk that he pay to it the said money, which demand was refused for the reason that the same had been attached in his hands. Plaintiff, upon notice to defendant, moved the court to order the deputy clerk to pay over to it the said money notwithstanding the service upon him of the warrant of attachment. The circumstances under which the money was paid to the deputy clerk are undisputed.

[1] Before disposing of the question as to whether the money in the hands of the clerk was subject to attachment, it will be well to direct the attention of the clerk and his deputies to the statutory provisions prescribing their duty in regard to funds coming into their hands by virtue of judgments or decrees of the court:

"All moneys paid into any court of the United States, or received by the officers thereof, in any cause pending or adjudicated in such court shall be forthwith deposited with the Treasurer, an assistant treasurer, or a designated depository of the United States, in the name and to the credit of such court." Rev. St. 995 (U. S. Comp. St. 1901, p. 711); 5 Fed. Stat. Anno. 70; Fagan v. Cullen (C. C.) 28 Fed. 843.

It is further provided that:

"No money deposited as aforesaid shall be withdrawn except by order of the judge or judges of said courts respectively, in term or in vacation, to be signed by such judge or judges, and to be entered and certified of record

by the clerk; and every such order shall state the cause in, or account upon which, it is drawn." Id. § 996.

It was the uniform custom of the several clerks in this district, and, since the enactment of the Judicial Code, is now the custom of the clerk and his deputies, to immediately deposit money coming into their hands as directed by the statute. The deputy clerk at Elizabeth City, supposing that the service upon him, by the sheriff, of the warrant of attachment, imposed some other and different duty under the circumstances, deposited the money to the joint credit of the sheriff and himself. In this he was in error. Under any circumstances, assuming that the money paid to him in satisfaction of the judgment was subject to attachment, or himself to garnishment, the sheriff had no authority to take the money from his possession, or interfere with him in the discharge of his official duty, as prescribed by the statute.

[2] The method of levying a warrant of attachment upon "property incapable of manual delivery" is prescribed by the state statute. Pell's Rev. 1905. The deputy clerk should have given to the sheriff a statement of the amount in his hands, or in the registry, stating the purpose for which it was held, and, if he had not already done so, forthwith deposit it to the credit of the court, as directed by the statute. The identical money paid to him was not the property of plaintiff, and, in no event, liable to actual seizure by the sheriff. An order will be drawn directing the deputy clerk to forthwith deposit the amount received by him from defendant W. T. Shannonhouse on account of the judgment recovered by the plaintiff herein in the depository designated for that purpose. A copy of said order delivered to the bank in which it is now deposited will be sufficient authority for the withdrawal of the amount and its deposit as herein directed. The act of the clerk in depositing the money to the credit of the sheriff and himself, being without authority or warrant of law, does not affect the rights of the parties herein. The question then arises, Is the money deposited in the depository designated by law to the credit of the court subject to attachment by the sheriff of Pasquotank county? The decision of this question does not call into controversy or involve the validity of the process of the state court. This court has not any such authority or power.

[3] The sole question is whether the money in the custody of this court is subject to be attached or this court's control of it, in any degree, affected by the action of the sheriff in respect to the warrant of attachment. The warrant did not direct the sheriff to levy upon, or attach, this specific money, but only the property of the defendant in his county. The power and duty of a court to decide for itself whether property in its possession or under its control can be taken from it by process issuing from another court is essential to its right and duty to administer to its suitors such remedy as, according to the law they may be entitled, and to enforce its judgments. Chief Justice Marshall in Wayman v. Southard, 10 Wheat. 1, 6 L. Ed. 253, says:

"The jurisdiction of a court is not exhausted by the rendition of its judgment, but continued until that judgment shall be satisfied. Many questions arise on the process subsequent to the judgment, in which jurisdiction is to be exercised."

It is therefore generally held that property in custodia legis is not subject to attachment. 3 Stand. Enc. Pro. 280. The question pre-sented here has been decided in a well-considered opinion, in which all of the decided cases are cited, by District Judge Waddill, of the Eastern District of Virginia. In Corbitt v. Farmers' Bank (C. C.) 114 Fed. 602, he says:

"The position taken by counsel for complainant, that the court, having entered its final order in respect to the money in question, had exhausted its jurisdiction over the same, and that such funds then remain subject to seizure by attachment or other legal process, as any other property belonging to defendant bank, is equally fallacious. A conclusion in favor of parties litigant, to any. controversy, would be barren of good, if the court rendering the decision was powerless to cause its decrees and orders to be put into operation and duly executed; and such a result as to money in the court's own registry would, indeed, leave it in a helpless and pitiable plight."

As clearly and forcibly pointed out by Judge Waddill, to hold otherwise would result in unseemly conflicts between state and federal courts, involve their officers and suitors in difficult, and frequently doubtful, questions and result in endless confusion. The courts generally hold that to permit funds in their possession to be subjected to attachment would be contrary to public policy. Clarke v. Shaw (C. C.) 28 Fed. 356; In re Forsyth (D. C.) 78 Fed. 296. The defendant relies upon what was said by the writer in Le Roy v. Jacobosky, 136 N. C. 443, 458, 48 S. E. 796, 801 (67 L. R. A. 977). There, the jurisdiction of the court had been invoked to sell lands for partition. After the confirmation of the sale, the proceeds were paid to the commissioner who had paid the clerk. It was attached in his hands. To the objection that the money, in the hands of the clerk, was not subject to attachment, the present writer, for the court, said:

"The sale had been confirmed, and the cash payment made to the commissioner, who had paid it to the clerk. He held it subject to the immediate demands of the defendant. The question is expressly decided in Gaither v. Ballew, 49 N. C. 488, 69 Am. Dec. 763," etc.

It is conceded that the decisions of the courts of the several states upon the question are not uniform, and it appears that this is especially true of the North Carolina court. Of course, the court in Le Roy's Case, supra, followed the decisions of that court, whereas here the question is controlled by the rulings of the federal court. It may be that a distinction may be drawn between the Le Roy Case and this. There the court, by its decree, simply directed the sale of the property of the parties for partition and the money in the hands of the clerk, was a part of its proceeds; there was no recovery of any money by judgment of the court. However this may be, the statute of North Carolina directs that money paid to the clerk shall be paid by him "to the party entitled to receive it," whereas, money paid to the clerk of the federal court is to be deposited by him in the depository designated to the credit of the court, and can only be drawn out by the order of the court. It remains under the control of the court, and is not subject to the orders or process of any other jurisdiction. The deputy clerk should not have canceled the judgment. His sole authority in the premises was to receive the money and deposit it, as directed. The

application and disposition of it could be made only by the court. The attempted levy of the attachment by the sheriff cannot affect its power or duty in the premises.

Let an order be drawn directing that a check for the amount deposited by the clerk on account of the judgment recovered by plaintiff against defendant in the cause be drawn and signed by the clerk and countersigned by the Judge as prescribed by the statute, payable to the attorney of record for plaintiff; that, upon the delivery of such check, he file with the clerk a receipt in full satisfaction of said judgment and that the same be entered of record. The plaintiff will recover of the defendant the cost incurred in this motion.