Johnson,
 
 fif ice.
 

 In order to fupport a motion for an injunction, the bill Ihould fet forth a cafe of probable right, and a probable-danger that the right would be defeated, without this fpecial interpolition of the court; It does not appear to me, that the prefentbill fufficiently claims fuch an interpolition. If the State has* a right to the debt in queftion, it may be enforcedat common law, notwithftanding the judgment of the Circuit court; and there is.no fuggeftion in the bill, though it'has been fuggefted at the bar, that the State is likely to lofe her right by the infolvency either of
 
 Spalding,
 
 the original debtor, or of
 
 Brailsford,
 
 who. will become her debtor for the amount, if he receives it, when-in law he ought not to receive, or retain, it.
 

 Nor does the bill ftate any particular confederacy, or fraud. The refufal to admit the Attorney General as a party on the record, was the. aft of a competent court; and-it is not fuffic'ient barely to alledge, that the defendant has not chofen to fuc out a writ of error.
 

 The cafe might, perhaps, be made better; but as I can only kndw, at prefent, the fafts which the bill alledges, and which the affidavit fupports, it is my opinion,-that there is not a proper foundation for uTuing an injunction. .
 

 Iredell-,,
 
 Jif ice.
 

 'I fat in the Circuit court, when, the judg-rtieiit was rendered iii the cafe of
 
 Brailsford and others verjus
 
 
 *406
 
 Spalding; but I ih'all give my opinion, on the prefent motion, detached- from every (previous confideration of the merits of the c'aufe.. ; .
 

 ,The debt claimed by the plaintiffs below, was, likewife, claimed by the Staté'of
 
 Georgia.
 
 The State applied to be admitted to ailert her claim, but fhe application was rejedted ; nor has any writ of error been inftifuted upon the judgment. Thefe fa£tsr 'however, are only mentioned to introduce this remark, that th.e Circuit court could not, with propriety, fuftain' the application of
 
 Georgia';
 
 becaufe, whenever a- State is á party, the Supreme court- has exclufive jurifdidtion of the fuit ; and. her- right cannot be efFedtuálly fupported, by a voluntary appearance, before any other tribunal of the Unions’ Not being a party, nor capable of reforting as a party, to the Circuit court, it is v^ry much to be queftioned whether the State could bring'» writ of error on the judgment there, even if her claim appeared on the record.-
 

 Every principle of law, juftice, and honor, however, feem to require, that jhe claim of the State of
 
 Georgia
 
 ihould not be, inr diredlly, decided, or defeated, byajudgment pronounced between parties, over whom fhe had no controul, and upon a trial, in which fhe was: not allowed to be heard. • If, indeed, the court could not devife.a mode, for admitting a fait inveftigation and determination upon that cla'im, it would be ufelefs to grant an injunction : ⅛ But I think a mode may eafily be preferibed, in itridt conformity with the'pradticeand principles of equity.
 

 It was in the power of the deTendant in the Circuit court, to have filed a bill of interpleader,- in order, for his own fafety, to-fettle .the rights of the contending .parties; but neither-in that form, nor by inftituting a fuit herfelf, could
 
 Georgia
 
 have derived the benefit of fuppo.rting her claim, in her own way, befpre any other -than the Supreme court. In this court, therefore, we ought now to place the State upon the fame footing, as if a bilí of interpleader Rad been regularly filed here; which can be done by fuftaining the prefent fuit; and when the parties are all before us, we. may''direct a, proper iflue to be formed, and tried at, the bar. Thus, juftice will be done
 
 to Geergia,
 
 and an irreparable injury may be prevented; while the adverfe party, even if he ultimately fucceeds, can only complain of a fliort delay.
 

 . With this view, I think, that an injundtion ihould be awarded to ftay.the money in the hands of the -marfhall, till this court £hall make a further order on the fubject. -
 

 BljuR,
 
 Juftice.
 

 The ■ State of
 
 Georgia
 
 feems to have done all that fhe could to obtain a hearing.An application was made to" the Circuit’Court, in the nature¡of a claim to interplead '; but being refufed, her alternative, under all .the circumftancés of the cafe,-¾ an appeal to the equitable. juriCdidlian of the1 Supreme
 
 *407
 
 court. It is true, perhaps, as the counfeí has fuggefted, that the defendant below pleaded the confiication aft of
 
 Georgia
 
 in bar to the aftion; but it is a fufficient .anfwer to this argument, that the State was not a party; and no right can be defeated,, in law, unlefs. the party claiming it, has himfelfan opportunity to fuppo'rt it.
 

 If the State of
 
 Georgia
 
 was entitled to the bond, ffie is equally-entitled to the money levied by the marihall in fatisfaftion of the bond, or'rather of the judgment rendered upon it: Andas' the execution direfts the marihall to pay.the amount to the plaintiffs bélow, I can perceive no other mode of preventing a compli-⅛06, while we enquire into the right of receiving the'money,' than that of iffuing an injunftion to ftay it in the hands óf the officer. -
 

 It appears to me to be too early, like wife,pronounce an opinion upon the titles in colliíion; fince it is enough, on a motion of this kind, to íhew a colorable title.- The State of
 
 Georgia
 
 has. fet up her confiication aft, which certainly is' a fair foundation for future judicial inveftigation; and that an injury ni ay not be . done, which it may be out of our power to repair, the injunftion ought, I think, to iffue, till we are enabled, by a, full enquiry, to decide upon the whole merits-of-the cafe.
 

 Wilson,
 
 JuJHce.
 

 I confefs, -that -I have not been able to form .an opinion which is perfeftly fatisfaftory to my own mind, upon the points that have been difeuffed. If
 
 Georgia
 
 has a right to the bond, it is ftriftly a legal right; but to enforce a ftriftly legal right, the prefent feems, at the fitil bluffi, to ½ an '.awkward and irregular proceeding. Again :
 
 Georgia
 
 had not a right, or ihe had a right, . to be admitted to a hearing in the Circuit court: but, in the former cafe, it would be no ground of complaint, that her application wasrejeftedq for, ihe is bound by the law; and in the other cafe, ihe would be entitled to bring the fubjeft before us, as a court of law ; fince fire was refufed the exercife of a. legal right.
 

 It is true, that, under the Federal Conftitution, an Inferior tribunal cannot compel a State to appear-as a party; but it is a-very different proportion to' fay, that a State cannot, by her oWa confent, appear in any other court, than' the Supreme court. The general rule applies among all fovereigns, --who, as equals, are not amenable'to courts of each other;- and yet I remember an aftion was inftituted and fuftained, fome years ago, in the name of
 
 Louts
 
 XVI. king of France, againft -Mr.
 
 Robert Morris-,
 
 in the Supreme court of. Pennfylvania.
 

 ■ Under thefe impreilions, I am difpofed to think, that the State' of Georgia ought rather to have fued out a writ of error, Shan to have aflsed for an-injunftion; But flail,' in.the exifting
 
 *408
 
 circumftances of the cafe, I have no objection to retain- the mb-ney witliin the- power of the qourt, ’till we can better fatisfy ourfelves both as to the remedy and.the right.
 

 Cushing,
 
 JuJlice.
 

 The Judicial aft expreisly declares, that “ fuits in equity ihall not be fuftained, in either of the courts of the United Státes, in any cafe where.plain, adequate,' and. complete remedy may be had at law.” Now, if
 
 Georgia
 
 -has any right to the debt in queftxon, it is a right'at law, for which, of courfe, the law will furniíh a plain, adequate, and complete remedy. The.decifion of the Circuit dourt, in a cafe to which .Georgia’1was neither..party -nor privy,- did nót, and could not, take away either the right or the remedy, of the- State. Nor can
 
 Spalding,
 
 the defendant below, be made liable twice, for the fame debt, without his wilful
 
 laches.
 
 For, if is in his power to bring a writ of error; and then the whole merits of the claim of
 
 Georgia
 
 appearing on the record, we mult decíde-it as a queftion of law, either by affirming or reverfing the judgment, fo as to bind us in any fuft, which
 
 Georgia
 
 might inftitute for the fame caufe. '
 

 Eefides, the State of
 
 Georgia
 
 (notwithftanding the judgment of the Circuit court) may'bring'an aftion
 
 oi-.indehitatus-affumpfit
 
 againft
 
 Brailsford
 
 (who is a'man of fortune), after they have received the money, upon the. principle of
 
 Mofes 'verfus M’.Far- ¡and,
 
 - and with ftronger . reafon; as in that cafe the parties, in 'both courts, were the fame; but, in the cafe propofed, they would' be different, and one of them has never been heard. ín fome form,, therefore,
 
 Georgia
 
 may obtain compleat redrefs at law.
 

 I do not, upon the whole, confider the refufál of
 
 Spalding
 
 to bring a writ of error ■'(which he is not compellable to bring) nor any other fuggeftion in the bill, as a fufficient foundation for exercifing the equitable jurifdiftion of the . cou.rtj and, confequently, I. think that an injunftion ought not to be awarded.'
 

 Jay,
 
 Chief Juficf..
 

 My firft ideas were Unfavorable to the motion} -but many reafons have been urged, which operate forcibly to produce a change of opinion.
 

 The great queftion turns on the property of a certain bond whether it belongs to Brailsford,' or ■ to
 
 Georgia ?
 
 It is put' in fuit. by
 
 Brailsford-,
 
 . but if - Georgia, by- virtue of the confifcation aft, is-really entitled to the debt, ihe is' entitled .to-the money, though the evidence of the debt happened to be in the poileffion of
 
 Brailsford,
 
 and though
 
 Brailsford
 
 has, by'that, means, obtained a’judgment for. the amount. ’
 

 Then the only point to be confidered is—whether,- under thefe-circumftances, it,is not qqnitablc to ftay the money in flte
 
 *409
 
 hands of the marihall,.’till the right
 
 to
 
 it is fajriy decided ; and fo avoid the rifque of putting the true owner to a fuit, for the piirpofe of recovering it back ?
 

 For my part, I think that the money' ihould remain in the- cuftody* of the law, till the law has adjudged to whom it belongs j and, therefore, I am, content, that the injunction ilfue. '
 

 An injunction granted.
 
 *
 

 *
 

 Seethe fame cafe,'jtosf. & 3
 
 -ool, pi
 
 t. as. well on amotion to didolve the Injuníüon,.a$ on a trial of the merits, upon a feigned lffue.