Appeal of Martha Price et al. Estate of Henry F. Price, Deceased.

*Will—After-acquired real estate.*

A paper containing a testamentary disposition of " effects," and evidently intending to cover personalty only, is not entitled to probate as a will for the purpose of passing title to after-acquired real estate.

Argued Feb. 14, 1895. Appeal, No. 61, Jan. T., 1895, by Martha Price, Caroline Peel and Matilda E. Price, from decree of O. C. Chester Co., setting aside the probate of the will of Henry F. Price. Before STERRETT, C. J., McCOLLUM, MITCH-ELL, DEAN and FELL, JJ. Affirmed.

The alleged will of Henry F. Price having been admitted to probate by the register of wills of Chester county, and letters testamentary granted to Charles J. Price, the executor named therein, an appeal to the orphans' court was taken by Jennie E. Price, a daughter of Henry F. Price, and an issue was sent to the common pleas to determine whether or not the domicile of Henry F. Price, at the time of his death, was in West Chester,

Pennsylvania, or Brooklyn, New York. The verdict and judgment of the common pleas found his domicile to be in Brooklyn, and the judgment was affirmed by this court: Price v. Price, 156 Pa. 617. The appellants, beneficiaries under the alleged will, then sought to have the probate sustained in the court below in order to pass the real estate of which the decedent died seized situate in Chester county, Pa. upon the ground that the alleged will was testamentary in its nature, was executed in conformity with the laws of this state and that the former judgment of this court affected its validity only for the purposes of administration on the personal estate.

The alleged will was as follows:

"29 MURRAY STREET,
New York, Feby. 11, 1890.

"DEAR CHARLIE,

"Feeling the uncertainties of this life and with a firm conviction of the sufficiency of our Lord and Saviour Jesus Christ for all future life, I leave these few directions regarding the effects I may leave, to wit:

"I desire that of all monies (and ^of such effects that may be sold) my daughter Jennie Estelle Price now residing at 1132 Wister St. Philada. Pa—if living—shall have and receive as my daughter her full legal share (one ⅓ third) of all my estate and that from the remainder after deduction of the above named ⅓— that your daughters Louisa D. Price and Emma Price shall respectively have and receive the sum of one hundred dollars ($100) in cash as a remembrance to each. That the remainder (after deducting and paying both of the foregoing) shall be divided share and share alike by Martha, Carrie & Tillie—Of my effects, if you so desire, I wish you to receive my gold watch and chain and fishing tackle
                    diamond stud & finger ring

"Such effects other than cash that I may have—may be divided among you if desired rather than sold, and proceeds divided—as may be desirable. A rough enumeration of this date is as follows—Watch and chain say $100, diamond stud 30.⁰⁰ ring 15.⁰⁰

"Cash to my credit on books L & R. P Co [& stock as see my diaries and journal in safe (L & R P Co)]

296   APPEAL OF PRICE et al.  ESTATE OF PRICE.

Statement of Facts.                    [169 Pa.

" Patent for fishing tackle boxes      with L & R P Co ✠

    "      "  sash fasteners (no value)           x in trunk.

    "      "  Reel Bands for fish rods (no value)     x trunk.

    "      "  Folding Hats [All] these patents are in safe of
L & R P Co.—

" The sash Fasteners and Reel Bands patents not proving to
be acceptable to the trade it is useless to expend any money
on their ac—other patents suit better apparently.   The Hats
have about paid cost of the Patent but there is nothing in them
to prosecute the sale further—Tackle cases have and will con-
tinue to pay for the investment.

" There is a stock of Tackle cases in cellar 29 Murray St.
paid for   See my " books of ac " these goods

" There is also in cellar at 29 Murray St.

            1 box of Books [(1 Box Fasteners, no value)]

            [Residence now is at 193 Livingston St Bklyn]

            [There will be found 2 trunks, wearing apparel]

                  (1)
            [1 travelling Satchel 1 Rod bag containing rods]

L & R P Co   [Tackle Box (filled with tackle) and on walls]

    ✠        [1 Large Chromo Black Bass (scarce) value $15.00

L & R P Co     or more]

L & R P Co   [1 oil plaque Brook Trout—1 oil painting ' Green-
§II
                  wood Lake ']
                        & boat
            [Miscellaneous pictures & articles]
            To Sanford E. Gee N. Y.

" A consultation with T. V. Smith Esq. J. V. Smith Mfg Co
82 John St. N Y. (maker of my tackle cases) might be of
value—He is a friend, and one whom I can trust.   Also with
S. E. Gee N. Y. 209 Pearl St (Lozano Pendas & Co) will as-
sist in handling Tackle cases to best advantage, To sell the
Patents, to have them made under royalty, or continue their
                                                    as are
sale—He can also assist in selling such fishing Traps ∧ not
                              the chromo of Black Bass
desired.   [If he should desire as a remembrance, any rods, reel
or any other of the traps, let him select the same]

            " Your affectionate Brother,

" To CHARLES J. PRICE              HENRY F. PRICE.
    " 1004 Walnut St.
        " Philada Pa."

N. B.—The portions between brackets are crossed by a lead pencil line; the interlineations are in lead pencil.

The court below entered the following decree : " Jan. 29, 1894. The appeal from the probate is sustained ; the letters testamentary granted to Charles J. Price are revoked ; and the decree of probate is set aside."

Other facts appear by the opinion of the court.

*Errors assigned* were, (1) not holding the alleged will to be entitled to probate in order to pass the real estate in Chester county ; (2) sustaining the appeal from the probate of the alleged will ; (3) not sustaining the probate thereof ; and (4) setting aside the probate.

*William T. Barber*, for appellants.—The will was valid as to the real estate : Wharton on Conflict of Laws, 2d ed. (1881), sec. 587 ; Jarman on Wills, 5th ed. (1880), part 1, p. 2 ; Story on Conflict of Laws, 2d ed., sec. 474 ; Kent's Commentaries, 9th ed., vol. 4, sec. 513 ; Redfield on the Law of Wills, 3d ed. (1869), part 1, p. 376 ; Desesbats v. Berquier, 1 Binn. 335 ; Flannery's Will, 24 Pa. 502, 506 ; Estate of John Thomason, dec'd, 13 Phila. 376 ; U. S. v. Crosby, 7 Cranch, 115 ; Kerr v. Devisees of Moon, 9 Wheat. 565 ; McCormick et al. v. Sullivan et al., 10 Wheat. 192 ; Robertson v. Pickrell, 109 U. S. 608 ; Brine v. Ins. Co., 96 U. S. 627 ; Pratt v. Douglass, 38 N. J. Eq. 516 ; Nelson v. Potter, 50 N. J. Law Rep. 324.

Under the law of Pennsylvania the real estate in question, although acquired after the making of the will, passed under it : Applegate v. Smith, 31 Mo. 166 ; Wharton on Conflict of Laws, 2d ed., sec. 597 ; act April 8, 1833, sec. 10, Br. Purd. (1883), 1711, pl. 11 ; act June 4, 1879, sec. 1, Br. Purd. (1883), 1713, pl. 23 ; Willard's Est., 68 Pa. 327 ; Alexander v. Paxson et al., 47 Pa. 12 ; Turbett v. Turbett's Exrs., 3 Yeates, 187 ; Peppard v. Deal, 9 Pa. 140 ; Zerbe et al. v. Zerbe et al., 84 Pa. 147 ; Hofius v. Hofius, 92 Pa. 305 ; Widener v. Beggs, 118 Pa. 374 ; Schriver v. Meyer, 19 Pa. 87 ; Jacobs' Est., 140 Pa. 268 ; Doughty v. Brown, 4 Yeates, 179 ; Dowdel v. Hamm, 2 Watts, 61, 65.

*William M. Hayes (J. Carroll Hayes* with him), for ap-

pellee.—This appeal is governed by the previous decision of this court in Price v. Price, 156 Pa. 617, see page 624 ; Myers v. Coal Co., 126 Pa. 582.

There was no intention to devise real estate : Lawrence v. Lawrence, 105 Pa. 335, 341 ; Jacobs' Est., 140 Pa. 268 ; Bradford v. Bradford, 6 Wh. 235 (1840) ; Hawkins on Wills (Amer. Notes), p. 54 ; PARKE, B., in Doe v. Earles, 15 M. & W. 456 ; Carfield v. Gilbert, 3 East, 510 ; Doe v. Longlands, 14 East, 370 ; Doe v. Dring, 2 M. & Sel. 458 ; Levy's Est., 161 Pa. 189 (1894) ; Busby v. Busby, 1 Dall. 226 ; Cassell v. Cooke, 8 S. & R. 368 ; Rupp v. Eberly, 79 Pa. 141 ; Howe's App., 126 Pa. 233 (1889) ; Baker's App., 115 Pa. 590 ; Fetrow's Est., 58 Pa. 424 ; Seibert v. Wise, 70 Pa. 147 ; Huber's App., 80 Pa. 348 ; 2 Jarman on Wills, pp. 716, 720 ; Wollam v. Kenworthy, 9 Ves. 137 ; Bullard v. Goffe, 20 Pick. 252 ; Cliffe v. Gibbons, 2 Ld. Raym. 1326 ; Timewell v. Perkins, 2 Atk. 102 ; Bender v. Deitrick, 7 W. & S. 284 ; Cowles v. Cowles, 53 Pa. 175 ; France's Est., 75 Pa. 220 ; Faulstich's Est., 154 Pa. 188 ; Hitchcock v. Hitchcock, 35 Pa. 393 ; Hancock's App., 112 Pa. 532 ; Hellerman's App., 115 Pa. 120 ; Graham v. Graham, 3 Clark, 212 ; Rewalt v. Ulrich, 23 Pa. 388 ; McFarland's App., 37 Pa. 300 ; Wilson v. McKeehan, 53 Pa. 79 ; Howe's Est., 126 Pa. 233.

The construction of a testator's intention depends upon the law of the domicile : Am. & Eng. Ency. of Law, vol. 3, pp. 635, 636, and cases cited.

In New York, the domicile of Henry F. Price, this will would not pass real estate : Swenarton v. Hancock, 9 Abb. N. C. (N. Y.) 326 ; Areson v. Areson, 3 Den. 458 ; Lynes v. Townsend, 33 N. Y. 558 ; Sherry v. Lozier, 1 Bradf. 437 ; Waring v. Waring, 17 Barb. 552 ; Quinn v. Hardenbrook, 54 N. Y. 83 ; Sweet v. Burnett, 136 N. Y. 204 (1892), affirming 65 Hun, 159 ; Byrnes v. Baer, 86 N. Y. 215.

OPINION BY MR. JUSTICE McCOLLUM, July 18, 1895 :

Although Henry F. Price died in West Chester, Pa., his domicile was in Brooklyn, New York : Price v. Price, 156 Pa. 617. At the date of the paper alleged to be his will he owned no real estate.   Subsequently he bought a small farm near West Chester, of which he died seized.   It is conceded that the pa-

APPEAL OF PRICE et al.  ESTATE OF PRICE.  299

1895.]                    Opinion of the Court.

per referred to is not a valid will in New York and that as to his personal estate the maker thereof died intestate.   But it is contended that the paper is testamentary in its character and includes the real estate in Pennsylvania acquired after its execution, and that by it the appellants have interests in said real estate, the proper protection of which requires that it shall be duly probated in the county in which the same is located.   The paper in question is in form a letter from Henry F. Price to his brother Charles J. Price.   It expresses the desire of the former concerning the disposition at his death of the effects he may leave, and it contains "a rough enumeration of such effects other than cash " as he then had.   The directions in it manifestly refer to the distribution or division of the writer's personal estate.   The language used by him does not fairly admit of a construction which includes land.   The word " monies " was used in the sense of " cash," and the enumeration he made plainly shows what he meant by " other effects."   It is cash and " other effects," as defined by him, to which all his instructions regarding distribution relate and are limited.   The words " of all my estate " manifestly refer to and embrace only " the effects " previously mentioned, and are not reasonably consistent with any other interpretation.   The admissible construction of them most favorable to the appellants is that, considered in connection with what precedes and what follows them, they constitute a bequest of the writer's estate consisting of money and other effects of the nature and kind enumerated in his letter or will.   But this construction does not satisfy or accomplish the purpose of the appellants' contention, because, as we have already seen, the words " monies and effects " as used in the instrument under consideration obviously include personalty only, and their meaning is not enlarged or qualified by the words " of all my estate."   It is probable that our interpretation of the writing before us agrees with the view entertained of it by the appellants when the question whether " it is or is not the last will of Henry F. Price " was first in this court on their appeal.   It was not then contended or suggested by them that if his domicile was in New York and the so-called will was invalid there it could be admitted to probate in Chester County Pa., on the ground that it embraces his after-acquired real estate there, and is, under our laws, a valid

300    APPEAL OF PRICE et al.  ESTATE OF PRICE.

Opinion of the Court.                    [169 Pa.

testamentary paper.  If they had presented for consideration at that time the question they now raise it is quite likely this appeal would not have been taken.

We think the writing to which this contention relates does not comprehend the disposition of the after-acquired real estate and that, as before stated, the directions in it refer exclusively to the distribution or division of the writer's personal effects. The presumption that he did not intend to die intestate as to any portion of his property cannot prevail against the clear import of the paper he prepared as expressive of his purpose regarding the disposition at his death of the effects he might leave.  We discover nothing in it which deprives his only heir of her right, under the intestate laws, in the real estate of which he died seized.

Decree affirmed and appeal dismissed at the cost of the appellants.