### S. E. SMITH v. F. E. COTTINGHAM.

#### Decided January 4, 1899.

**1. Superior Title—Vendor's Lien Notes as Collateral.**

A vendor of land who accepted vendor's lien notes in part payment may, upon failure to pay the notes, maintain trespass to try title against a purchaser of the land from his grantee who assumed the notes, although such purchaser had obtained them from a person to whom they were pledged as collateral security upon his payment to such person of the amount they were given to secure.

**2. Same—Offset in Trespass to Try Title.**

A vendor of land who repudiates the sale because of nonpayment of vendor's lien notes given to secure the purchase price and sues to recover the land must allow in offset of the damages recovered by him for use and occupation against the purchaser's grantee who assumed the notes the amount of a debt which they were pledged to secure and which debt had been assigned to such grantee.

APPEAL from Wilson. Tried below before Hon. M. K. KENNON.

*L. S. Lawhon* and *L. B. Camp,* for appellants.

*Polley & McCracken,* for appellee.

NEILL, ASSOCIATE JUSTICE.—This is an appeal from a judgment in favor of appellee against appellant by which the former recovered from the latter possession of a certain tract of land, and $100 damages for its use and occupation.

*Conclusions of Fact.*—On the 11th day of January, 1890, appellee, being then the owner of the land in controversy, by her deed of that date conveyed it to L. W. Gay in consideration of $100 cash and his three promissory notes made to her on that day for $100 each, payable respectively on October 1, 1890, 1891, and 1892, with interest from date at the rate of 10 per cent per annum. To secure the payment of the note a vendor's lien was expressly reserved in the deed.

In the spring of 1890 appellee delivered the notes to S. B. Wood as collateral security for a debt she owed him. With the assistance of Thomas Camp, she paid this indebtedness about the end of that year and the notes were handed by Wood to Camp, to be by him delivered to appellee. But she allowed Camp to hold the notes as collateral security for the sum of $36.40 which he had paid for her to Wood on said debt.

Prior to July 9, 1891, L. W. Gay, appellee's vendee, sold the land to appellant Smith, who, as a part of the consideration, assumed the payment of said vendor's lien notes.

Thomas Camp assigned his claim of $36.40 against appellee to appellant and delivered to him the vendor's lien notes as collateral security for its payment. After appellant obtained possession of the notes he claimed to have purchased them from Camp and to be the owner of them. But he asserted that if appellee was the owner, the notes were barred by the statute of limitations.

The value of the use and occupation of the land was $50 per annum.

*Conclusions of Law.*—The right of the appellee to sue in trespass to try title and recover the land under the foregoing facts is well established. Abernathy v. Bass, 9 Texas Civ. App., 239; Hale v. Baker, 60 Texas, 219. But appellant contends that his claim of $36.40 against appellee, for which he held the vendor's lien notes as security, should have been adjudged in his favor in offset of the judgment against him for damages. We think this contention is correct. Although this demand is not pleaded by appellant, the pleadings of appellee and the evidence show that the notes were pledged by her to secure its payment. When she repudiated the sale on account of the nonpayment of the purchase money notes, equity required her to pay the debt the notes were pledged to secure. The sum of $36.40 will be deducted from the amount of the judgment recovered by the appellee for damages, and as thus modified, the judgment of the District Court will be affirmed.

*Modified and affirmed.*