## S. MORGAN SMITH CO. v. ROCKINGHAM POWER CO. et al.

### KNICKERBOCKER TRUST CO. v. SAME.

(Circuit Court, W. D. North Carolina. September 24, 1909.)

CLERKS OF COURTS (§ 54*)—COMPENSATION—COMMISSIONS—STATUTES.

Rev. St. § 828 (U. S. Comp. St. 1901, p. 635), provides that the clerk may be paid for receiving, keeping, and paying out money, pursuant to any statute or order, 1 per cent. on the amount so received, kept, and paid. *Held*, that such section was applicable only to money which the clerks were required to receive, keep, and pay out pursuant to statute or order of court, and did not entitle such clerks to commissions on funds paid into the hands of court commissioners and disbursed by them, without at any time being in the custody or under the control of the clerks.

[Ed. Note.—For other cases, see Clerks of Courts, Cent. Dig. § 77; Dec. Dig. § 54.*]

Suit by the S. Morgan Smith Company against the Rockingham Power Company and another, in which the Knickerbocker Trust Company filed a cross-complaint against the Rockingham Power Company and others. On exceptions by the Knickerbocker Trust Company and others to commissions taxed by the clerk in the cost bill in his own favor. Exceptions sustained.

O. A. Moore, for the motion.

PRITCHARD, Circuit Judge. This is a motion heard on the exception to the bill of costs, which is filed by the attorneys of the Knickerbocker Trust Company, S. Morgan Smith Company, and W. H. Calvert. The exception is embraced in the following language:

"The complainant and cross-complainant herein except to the bill of costs taxed by the clerk, in that the clerk has allowed himself commissions of $508.-60 on $50,860.60, required by the decree to be paid to the commissioners."

This exception involves the question as to whether the clerk is entitled to a commission on funds paid into the hands of the commissioners and disbursed by them; the fund at no time being in the custody or under the control of the clerk.

Section 828 of the Revised Statutes (U. S. Comp. St. 1901, p. 635) provides that the clerk may be paid:

"For receiving, keeping and paying out money, in pursuance of any statute or order, one per centum on the amount so received, kept and paid."

---

This statute is intended to authorize the payment of commissions to clerks when they are required to receive, keep, and pay out money in pursuance of any statute or order of the court. In this instance it appears that the amount upon which a commission is sought to be collected by the clerk was never paid to the clerk; but, on the other hand, it was paid to the commissioners, and it is provided by the decree that the same shall be disbursed by them.

There are a number of decisions bearing upon this question. In the case of Michigan Central R. Co. v. Harsha, Clerk, 134 Fed. 217, 67 C. C. A. 145, the Circuit Court of Appeals for the Sixth Circuit passed upon this question; Judge Lurton rendering the opinion. In discussing this phase of the question the court said:

"This sum of $424,000 was never received, kept, or paid out by the clerk. It was never subject to his check, and he never became in any way responsible for it. But it is said that, when it was paid by the master in chancery into the New York depository, it was within the 'registry' of the court and constructively within the possession of the clerk. If being subject to the order of the court is to be within the 'registry' of the court, then this money, from the time it was paid into the hands of the master in chancery, was within the 'registry' of the court. But being subject to the order of the court does not necessarily place it in the keeping of the clerk, either actually or constructively. To entitle the clerk to this commission of 1 per cent., it must be paid to him or be subject to his order, so that he becomes responsible for its keeping and payment. The test is: Did the clerk receive, keep, and pay this fund over to the railroad company? The answer is: He did not. The court described the money as 'in the hands' of Mandell, and it was withdrawn upon Mandell's indorsement, and was by Mandell paid over to the railroad company. It was never actually or constructively within the clerk's custody, or paid out by him.

"4. The suggestion that he did have the constructive possession of the collateral bonds of the railroad company, and paid them out when he returned them to the railroad company, and that for this service the clerk is entitled to the commission of 1 per cent., has nothing in it. Section 995, Rev. St. (U. S. Comp. St. 1901, p. 711), supra, only requires that 'money' shall be deposited as therein prescribed, and section 828, supra, only allows the payment of 1 per cent. on 'moneys' received, kept, and paid out. This is recognized in Thomas v. Chicago, etc., Ry. Co. (C. C.) 37 Fed. 548, 550.

"5. We know of no authority for the allowance of such a commission outside of the statute. The clerk's only service, aside from those matters for which he has asked and been allowed $50 without contest, was in keeping the key to a vault rented by the railroad company in which nonnegotiable securities were deposited. This vault could not be opened without the order of the court, and the bonds could not be collected or disposed of without a like order.

"The order must be reversed, with directions to set aside the judgment, and to render judgment of $50.85, the amount of the two items uncontested, and to dismiss the petition in so far as any further fees, allowance, or costs is prayed."

This view is sustained in Johnson v. Southern B. & Loan Ass'n (C. C.) 95 Fed. 922; also Leach v. Kay (C. C.) 4 Fed. 72.

Under these circumstances, I am of the opinion that the exception filed herein should be sustained, and an order will be entered to that effect.