## BERKMAN ET AL. *v.* UNITED STATES.

### ERROR TO THE DISTRICT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF NEW YORK.

No. 865.    Argued April 16, 1919.—Decided May 19, 1919.

A defendant under indictment who, pursuant to an order obtained on his own application, voluntarily deposits cash in the registry in lieu of bail, does so with full knowledge that under Rev. Stats., § 828, if applicable to such cases, one per cent. may be taxed as compensation to the clerk for receiving, keeping and paying out the money; and the contentions that the retention of such percentage, upon return of the deposit after his conviction, brings that section in conflict with the Fifth and Eighth Amendments, and Art. IV, § 2, of the Constitution, are frivolous, and will not support a direct writ of error under Jud. Code, § 238. P. 117.

Writ of error dismissed.

THE case is stated in the opinion.

*Mr. Harry Weinberger* for plaintiffs in error.

This practice of taking one per cent. deprives the bailor of plaintiffs in error of his property without due process of law, and takes his property without compensation. If we have the absolute right to give bail, defendants having been surrendered to answer the judgment of the court, the letter of the bond has been satisfied and the bailor has the absolute right to the return of his security, and any taking of part or all of the same by the court on any pretext (defendants having been surrendered to the court) is directly in violation of the Fifth Amendment.

It violates Art. IV, § 2, cl. 1, of the Constitution.

This right of giving cash bail comes from the common law. Petersdorff, Law of Bail, p. 7.

There can be no question that any impediment to the giving of bail works a hardship on defendants who may be

brought into court to face a criminal charge. The construction of the court puts additional burdens on certain classes. Nothing is charged by the Government for investigating the sufficiency of the real estate or the reliability of the bonding company, so if the trouble of the clerk is considered, it is less in cash bail cases, and no reason for the distinction or discrimination exists.

It violates the Eighth Amendment. "Excessive bail shall not be required."

' Any impediment to the giving of bail is exactly the same as requiring excessive bail. It works to prevent a defendant being released on bail. If Congress could tax one per cent. on cash bail, it could tax it ninety per cent., or one hundred per cent., or tax similarly other kinds of bail, and so prevent it, thus circumventing the prohibition of this section. It was the intention of the Constitution to absolutely make sacred the right to bail, without any impediment and not too large bail.

*Mr. Assistant Attorney General Porter*, with whom *Mr. W. C. Herron* was on the brief, for the United States:

The plaintiffs in error are not entitled to come directly from the District Court to this court on the question of the construction of the statutes of the United States, or the decisions of the courts thereon, by a mere claim that the Constitution is involved. Judicial Code, § 238; *Rakes* v. *United States*, 212 U. S. 55, 58; *Lamar* v. *United States* 240 U. S. 60, 65. They must, therefore, assume a construction of the statutes against them, and their claim must be that Congress has no power to enact that a defendant shall pay poundage to the clerk on money voluntarily deposited by him in lieu of bail. Such a claim is frivolous, the provisions of the Constitution referred to by plaintiff in error having no application. It is not taking property without due process of law to compel a party to a cause to pay for services rendered at his voluntary request and

for his benefit. Costs may constitutionally be taxed. *Farmers' Insurance Co.* v. *Dobney*, 189 U. S. 301, 304; *Missouri, Kansas & Texas Ry. Co.* v. *Cade*, 233 U. S. 642, 651, 652; *Meeker* v. *Lehigh Valley R. R. Co.*, 236 U. S. 412, 432.

Nor is Article IV, § 1, or the Fourteenth Amendment, of the Constitution, any more applicable. Each applies only to state action. *United States* v. *Harris*, 106 U. S. 629, 643.

If it be assumed that the United States is prohibited by implication from discrimination between persons (see *United States* v. *Heinze*, 218 U. S. 532, 546), there is nothing arbitrary or grossly unfair in distinguishing between those defendants who give recognizance with surety and those who give cash bail, requiring the latter to pay a fee for the safe-keeping of the money. It is in no sense a discrimination. The service of holding the deposit is not performed for those who give a bond with surety. In the absence of statute, money can not be taken in lieu of bail, *United States* v. *Faw*, 1 Cranch, C. C. 486; *State* v. *Owens*, 112 Iowa, 403, 407, and cases cited. The statute which grants this privilege may constitutionally require that the person exercising it shall be subject to the burdens necessarily involved.

The points as to unreasonable search and seizure and excessive bail, if the plaintiffs in error are in any position to raise them on this application, need only be stated to demonstrate their lack of substance.

MR. JUSTICE McREYNOLDS delivered the opinion of the court.

Section 828, U. S. Revised Statutes, which specifies the compensation to be taxed and allowed to clerks of District Courts, among other things provides: "For receiving, keeping, and paying out money, in pursuance

of any statute or order of court, one per centum on the amount so received, kept, and paid."

In each of the criminal causes entitled *The United States v. Emma Goldman* and *The United States* v. *Alexander Berkman*, some days subsequent to defendants' arrest (June, 1917), evidently upon applications in their behalf consented to by the District Attorney, the court below directed "That the sum of $25,000 Dollars, cash, be deposited in the Registry of this Court in lieu and place of bail for the appearance of the above-named defendant before the United States District Court for the Southern District of New York, in accordance with the provisions of the recognizance to be given by said defendant." Defendants were afterwards convicted and sentenced to imprisonment.

Upon motions duly presented the clerk was afterwards directed to pay to defendants' counsel funds deposited under the above orders, less costs. He retained one per centum as compensation and the court refused to declare this sum unlawfully withheld and direct its return. The matter is here by writ of error to the District Court.

It is now maintained that § 828 does not apply to criminal cases. Further, that if construed to be applicable where cash is deposited in lieu of bail for appearance of one charged with crime, it conflicts with the Federal Constitution, Fifth Amendment—"No person shall . . . be deprived of . . . liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation"; also with Article IV, § 2—"The citizens of each State shall be entitled to all privileges and immunities of citizens in the several States;" and with the Eighth Amendment—"Excessive bail shall not be required."

Our jurisdiction depends upon whether the case really and substantially involves the constitutionality of the section in question as construed and applied. Judicial

Code, § 238; *Rakes* v. *United States,* 212 U. S. 55, 58; *Lamar* v. *United States,* 240 U. S. 60, 65. And we deem it too clear for serious discussion that, as enforced below, the statute deprived plaintiffs in error of no right guaranteed by any of the constitutional provisions relied upon. With full knowledge they voluntarily asked to deposit money with the clerk and later requested that he be required to pay it out. Having thus obtained his services they now deny his claim for compensation. Obviously, nothing was taken from them without due process of law; their property was not taken for public use; they were not deprived of any privilege or immunity enjoyed by citizens of other States; and the record reveals no relation between the contested charge and any excessive bail. We think the suggested constitutional questions are wholly wanting in merit and too insubstantial to support our jurisdiction. *Brolan* v. *United States,* 236 U. S. 216, 218. The writ of error must be

*Dismissed.*

MR. JUSTICE HOLMES and MR. JUSTICE BRANDEIS dissent.