**UNITED STATES v. PAYNE et al.**

District Court, W. D. Washington, N. D.
February 15, 1929.

No. 12497.

Anthony Savage, U. S. Atty., and Tom De Wolfe, Asst. U. S. Atty., both of Seattle, Wash.

Theo. S. Turner and Preston, Thorgrimson & Turner, all of Seattle, Wash., for defendant Casualty Co.

NETERER, District Judge. ██ Departmental construction of a statute should be given weight, and when there is doubt the court will adopt the departmental interpretation of a statute. Hewitt v. Schultz, 180 U. S. 139, 21 S. Ct. 309, 45 L. Ed. 463. The contemporaneous construction of a statute by the Attorney General is entitled to great respect. United States v. G. Falk & Bros., 204 U. S. 143, 27 S. Ct. 191, 51 L. Ed. 411. The doctrine of contemporaneous and practical construction of statutes is firmly imbedded in our jurisprudence (Pennoyer v. McConnaughy, 140 U. S. 1, 11 S. Ct. 699, 35 L. Ed. 363), and an amended statute should not be given a different interpretation, unless there is a substantial change of phraseology. McDonald v. Hovey, 110 U. S. 619, 4 S. Ct. 142, 28 L. Ed. 269.

Antecedently to the amendment and since, the clerk collected the commission, and the Circuit Court of Appeals in United States v. Penn. R. Co., 283 F. 937 (July 5, 1922), held that the clerk was entitled to a commission of 1 per cent. on fines imposed and paid, under section 828, R. S., which provides that "for receiving, keeping, and paying out money, in pursuance of any statute or order of court, 1 per centum of the amount so received, kept, and paid." This court, in United States v. Williams, 282 F. 324 (June 3, 1922—District, now Circuit, Judge Rudkin and District Judge Cushman concurring), held the clerk not entitled to commission on Liberty Bonds deposited as bail.

The amended Act of February 11, 1925, § 8 (section 555, title 28, USCA) provides "That in addition to the fees for services rendered in cases, hereinbefore enumerated, the clerk shall charge and collect, for miscellaneous services performed by him, and his assistants, except when on behalf of the United States, the following fees": Paragraph 8: "For receiving, keeping, and paying out money in pursuance of any statute or order of court, including cash bail or bonds or securities authorized by law to be deposited in lieu of other security, 1 per centum of the amount so received, kept and paid out, or of the face value of such bonds or securities."

██ There are two provisions in the amendment which are not in the original act: First, "except when on behalf of the United States;" second, "including cash bail or bonds or securities authorized by law to be deposited in lieu of other security." The adoption of defendant's contention would destroy the second provision and restrict the provisions of the old law, in face of the express enlargement. Both provisions must be given life, if it may be consistently done.

It is clear that the intent of the Congress was to remedy the unsettled legal right of the clerk to collect as fees 1 per centum of the value on bonds deposited as bail, leaving the law for collecting, keeping, etc., money undisturbed. See McGovern et al. v. United States (C. C. A.) 272 F. 262; United States v. Williams, supra, and cases cited.

██ The phrase, "except when on behalf of the United States," was significantly used, and has a restricted application, but has no application in a proceeding where the United States is a party. It has application to actions prosecuted or defended by instrumentalities of the United States, or others, on its behalf. Suit may be brought by one in authority for the benefit or advantage of the United States, and, so brought, would be in its behalf. See Georgia v. Brailsford, 2 Dall. 402, 1 L. Ed. 433; State v. Eggerman, 81 Tex. 569, 16 S. W. 1067; Hill County v. Atchison (Tex. Civ. App.) 49 S. W. 145. For suit when instrumentality was a party, see United States v. Clallam County (D. C.) 283 F. 645 (affirmed 263 U. S. 341, 44 S. Ct. 121, 68 L. Ed. 328), which was an action in

which an agency or instrumentality of the United States defended. See, also, Weeks, Secretary of War, et al. v. Goltra (C. C. A.) 7 F. (2d) 838.

There are corporate entities used by the United States as its instrumentalities and officers who prosecute and defend actions. Such actions would be on its behalf. The provision, "except when on behalf of the United States," refers not to suits by the United States, but on its behalf by instrumentalities or officers, the object being not to do the idle thing of collecting fees for the United States from its instrumentalities or officers, etc. The law must be construed, if possible, with a consistency to accomplish its purpose. In re Ayers, 123 U. S. 443, 8 S. Ct. 164, 31 L. Ed. 216. I am conscious that the District Court in the Northern District of California, in U. S. v. Parente et al. (no opinion), denied the taxation of the 1 per centum as costs.

The express provision in the amendment that the 1 per centum shall be paid "for receiving, keeping and paying out money in pursuance of any statute or order of court, including cash bail or bonds or securities authorized by law to be deposited in lieu of other security," being to remedy an existing evil; and being practicable and in substantial harmony with phraseology of the act, and obviously the purpose of the legislation and is consistent, and so construed by the Department of Justice, must prevail.

The rule is discharged.