## AMOSKEAG MFG. CO. v. GAGNE et al.

District Court, D. New Hampshire.

Feb. 4, 1936.

Robert J. Peaslee (of Demond, Woodworth, Sulloway & Rogers), of Concord, N. H., for Amoskeag Co.

Alexander Murchie, U. S. Dist. Atty., of Concord, N. H., for the government.

MORRIS, District Judge.

The question involved in this phase of the above-entitled action is whether or not the clerk of court is entitled to 1 per cent. poundage on a certificate of deposit securing the government for the payment of processing taxes assessed against the Amoskeag Manufacturing Company.

The original action was brought against Peter M. Gagne, Collector of Internal Revenue for this district, and Alexander Murchie, United States District Attorney for the District of New Hampshire, seeking a permanent injunction to restrain them from collecting taxes assessed by the Secretary of Agriculture under the Agricultural Adjustment Act (48 Stat. 31), as amended (7 U.S.C.A. § 601 et seq.).

On August 16, 1935, a temporary injunction was granted, and as a condition of the order and security to the government the decree provided: "That the sum of $130,659.39 be forthwith deposited in court by the petitioner in the form of cash, certificate of deposit, certified check or cashier's check, made payable or suitably endorsed to the order of the clerk of this court and shall remain so deposited so long as this temporary injunction shall remain in full force and effect as to the processing taxes represented by that sum."

In compliance with this order the Amoskeag Manufacturing filed with the clerk of court three certificates of deposit in the First National Bank of Concord aggregating the above-mentioned sum in form as follows:

"54–27

"67396

"First National Bank of Concord
"Concord N. H. Aug. 6, 1935.
$130,659.39

"Amoskeag Mfg. Co. has deposited in this Bank Exact One Hundred Thirty Thousand Six Hundred Fifty-Nine Dollars Thirty-Nine Cents payable to the order of Robert J. Peaslee on the return of this Certificate properly endorsed.

"(Signed)      C. H. Foster, Cashier."

The other two certificates were in the same form but for different amounts.

Indorsed on the back of each certificate was the following: "Pay to the order of Thomas B. Donnelly Clerk of the United States District Court for the District of New Hampshire, or his successors in said office, if and when it shall be finally determined that Amoskeag Manufacturing Company is liable for processing taxes assessed against it for the months of April, May and June 1935, or for any costs or damage accruing because of the injunction issued by said court restraining the collection of said taxes and if it also appears that said liability has not been discharged. Otherwise this certificate is to be returned to the Amoskeag Manufacturing upon the dissolution of said injunction, or the substitution therefor of other security satisfactory to the Court, or upon a final determination that Amoskeag Manufacturing is not liable for said taxes. (Signed) Robert J. Peaslee."

The court accepted the certificates so indorsed as a substantial compliance with the above-mentioned order. They were deposited with the clerk of court and by him retained until they were ordered returned January 24, 1936, after a decision of the United States Supreme Court declaring the Agricultural Act unconstitutional and after hearing upon a petition for the return of the certificates.

At the hearing upon the plaintiff's petition for the return of the certificates, the question arose as to whether the clerk of court was entitled to a 1 per cent. poundage fee under the provisions of 28 U.S.C.A. § 555, which reads as follows: "For receiving, keeping, and paying out money in pursuance of any statute or order of court, including cash bail or bonds or securities authorized by law to be deposited in lieu of other security, 1 per centum of the amount so received, kept and paid out, or of the face value of such bonds or securities."

The clause relating to "bonds or securities authorized by law to be deposited in lieu of other securities" obviously refers only to such securities as the clerk is authorized to accept by some other expressed statutory provisions. This clause was inserted by amendment in 1925 (Act Feb. 11, 1925, § 8, 43 Stat. 858), and evidently referred to section 1320 of the Revenue Act of 1918, 40 Stat. 1148, which provided in part as follows: "Wherever by the laws of the United States or regulations made pursuant thereto, any person is required to furnish any recognizance, stipulation, bond, guaranty, or undertaking, hereinafter called 'penal bond,' with surety or sureties, such person may, in lieu of such surety or sureties, deposit as security with the official having authority to approve such penal bond, United States Liberty bonds or other bonds or notes of the United States in a sum equal at their par value to the amount of such penal bond required to be furnished, together with an agreement authorizing such official to collect or sell such bonds or notes so deposited in case of any default in the performance of any of the conditions or stipulations of such penal bond. The acceptance of such United

States bonds or notes in lieu of surety or sureties required by law shall have the same force and effect as individual or corporate sureties, or certified checks, bank drafts, post-office money orders, or cash, for the penalty or amount of such penal bond. * * * As soon as security for the performance of such penal bond is no longer necessary, such bonds or notes so deposited shall be returned to the depositor." 6 U.S.C.A. § 15.

28 U.S.C.A. § 851, provides as follows: "All moneys paid into any court of the United States, or received by the officers thereof, in any cause pending or adjudicated in such court, shall be forthwith deposited with the Treasurer, or a designated depository of the United States, in the name and to the credit of such court. Nothing herein shall be construed to prevent the delivery of any such money upon security, according to agreement of parties, under the direction of the court."

The First National Bank of Concord, N. H., is an authorized depository for federal funds.

In the case of Edwards v. Bay State Gas Company (C.C.) 177 F. 573, 575, Putnam, circuit judge, in construing section 828 of the Revised Statutes (28 U.S.C.A. § 555) said: "Under the provision of section 828, Rev.St., which is the only authority on which the clerk's right to a commission rests, four things must be combined, namely: First, receiving; second, keeping; third, paying out; and, fourth, in pursuance of a statute or order of court. The order of court exists; but the clerk neither received, kept, nor paid out." The funds in this case were paid to a receiver appointed by the court and disbursed by him under order of court. It was held that the clerk was not entitled to any fee.

A like ruling was made in the case of S. Morgan Smith Co. v. Rockingham Power Company (C.C.) 173 F. 923, on a somewhat similar state of facts holding that the section was applicable only to money which the clerk was required to receive, keep, and pay out. In this case the money was ordered paid to court commissioners and was disbursed by them.

In the case of Farmers' Loan & Trust Co. v. Dart (C.C.A.) 91 F. 451, it was held that the clerk was not entitled to poundage on moneys deposited and paid out by a receiver in an equity receivership proceeding.

Prior to the passage of the Act of February 11, 1925, courts had been accepting in some cases cash bail and other forms of security in criminal and other cases wherein security was required, and a question arose as to whether the clerk was entitled to 1 per cent. poundage in such cases. See, Berkman v. United States, 250 U. S. 114, 39 S.Ct. 411, 63 L.Ed. 877.

In the case of McGovern v. United States (C.C.A.) 272 F. 262. Liberty bonds were deposited in lieu of personal sureties under the provisions of section 1320 of the Revenue Act of 1918. It was held that United States bonds are in the same category as certified checks, bank drafts, Post Office money orders, and cash, and that the clerk was entitled to poundage.

In the case of United States v. Williams (D.C.) 282 F. 324, it was held that Liberty bonds deposited as bail under Revenue Act of 1918, § 1320, would not be treated as cash, and that the clerk was not entitled to poundage.

A similar ruling was made in the case of Anderson v. United States (C.C.A.) 282 F. 258, and Hazeltine Research Corp. v. Freed-Eisemann Radio Corp. (C.C.A.) 10 F. (2d) 148. In United States v. Payne (D.C.) 30 F.(2d) 960, it is said that to remedy the unsettled legal right of the clerk to collect as fees 1 per cent. of the value of bonds deposited as bail the amendment of February 11, 1925, was passed leaving the law for receiving, keeping and paying out money undisturbed. It was held in that case that the clerk was entitled to the fee.

Prior to the act of February 24, 1919, clerks of court were on a fee basis and the assessment of 1 per cent. poundage was retained by the clerk. By the above-entitled act clerks were put onto a salary basis and all fees assessed and collected were paid into the United States Treasury.

In reviewing the foregoing decisions, I arrive at the conclusion reached by Judge Putnam in Edwards v. Bay State Gas Company, supra, that the only authority on which the clerk's right to a commission rests, four things must be combined; namely, receiving, keeping, paying out in pursuance of statute or order of the court.

The only statutory change appears to be that the clerk may accept "cash bail or bonds or securities authorized by law to be deposited in lieu of other security." If such security is accepted a 1 per cent. poundage on its face value is deductable.

The question, therefore, is what securities are "authorized by law." This question is answered by reference to section 1320 of the Act of Feb. 24, 1919, supra, authorizing the deposit in lieu of other forms of security, United States Liberty bonds, or other bonds of the United States, in a sum equal at their par value of the amount of the bond required.

In the instant case, neither cash nor United States bonds were deposited. By the terms of the indorsement the certificates of deposit were payable to the clerk only upon the happening of a specified condition precedent, viz., a final determination that the Amoskeag Manufacturing Company was liable for the processing taxes. A condition precedent never happened, and the clerk was never entitled to cash the certificate.

If it can be said that the certificates of deposit were the equivalent of cash, it cannot be said that title to them ever passed to the clerk of court. His sole duty under the order of the court was to receive and hold conditionally pieces of paper to be returned to the depositor unless at some future time it should be determined that the depositor was liable for the processing taxes, and not until such final determination could the poundage be assessed.

The order is, certificates returned in accordance with the terms of the indorsement free of poundage.